ELAM *vs.* THE STATE.

1. An indictment (under § 1059 of the Code), which charges that the defendant, before the finding of the indictment, "sold spirituous liquor, without a license, and contrary to law," is sufficient; and under it the defendant may be convicted, on proof, of selling to a person of known intemperate habits.
2. To authorize a witness to testify to the general character of a person in respect to his habits, he should first state that he is [acquainted with that person's general character in the particular to which he deposes; but if his testimony shows that fact, whether brought out on preliminary examination or examination in chief, it will be sufficient.
3. Whether the defendant had knowledge of the intemperate habits of the person to whom he sold the liquor, should be left to the decision of the jury upon the evidence; and a charge which assumes that such knowledge was brought home to him, is erroneous.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. GEO. D. SHORTRIDGE.

THE indictment in this case, found at the September term, 1853, of the Circuit Court, is as follows: "The grand jury of said county charge, that, before the finding of this indictment, John Elam sold spirituous liquor, without a license, and contrary to law, against the peace and dignity of the State of Alabama."

The defendant demurred to the indictment, but his demurrer was overruled; and on the trial, he was convicted, on proof of selling to a person of known intemperate habits.— He moved to exclude from the jury all the evidence adduced by the State to prove the known intemperate habits of the person to whom the liquor was sold (for which see the opinion); but the court overruled his motion, and he excepted.— The court charged the jury, that, if they believed the evidence, they should find the defendant guilty; to which charge the defendant excepted.

E. W. PECK, for the appellant:

1. The indictment is bad for uncertainty: it does not state the facts constituting the offence in such a manner as to

enable the defendant to know what particular offence was intended.—Code, §§ 3501, 3502.

2. If the indictment charges an offence, it must be so stated as to inform the court what punishment is to be inflicted.— Now, on a plea of guilty, what is the penalty to be inflicted? is it $60, $75, $40, or $30?—Code, §§ 397, 399.

3. To sell spirituous liquors to a person of known intemperate habits, is not the subject of a license.—Code, §§ 397, 399. Sections 1058 and 1059 must be construed in connection with the other parts of the Code, and so as to harmonize all its provisions on the particular subject. See, also, our bill of rights, on page 30 of the Code, sections X and XI.

4. The evidence should have been excluded under this indictment, because (1) of the uncertainty of the indictment, and (2) because it was not proper evidence to prove the character of McDowell as a man of known intemperate habits.

5. The charge was erroneous, because it withdrew from the jury the decision of the question whether the knowledge of McDowell's character was brought home to the defendant.

M. A. BALDWIN, Attorney General, contra.

LIGON, J.—The indictment in this case is drawn in strict conformity with the directions given in the Code (§ 1059), and is therefore sufficient. Under such an indictment, the defendant may be called on to answer for any violation of the law concerning retailing which may be proved against him on the trial. We have already held, upon the fullest consideration, that when the Code prescribes a form, or specially directs what shall be charged in an indictment for a particular class of offences, the proper course is, for the pleader to adopt the form, or pursue the special directions thus given.—Noles v. The State, at the present term. The general rules governing indictments (§§ 3501 and 3502 of the Code), were designed for indictments in relation to which no form is given, or special rules prescribed in the Code.—Noles v. The State, supra. The demurrer to the indictment in this case was correctly overruled.

An examination of section 1058 of the Code, shows what persons are included under the title of retailers; and from it,

also, we may readily perceive what offences can be proved under an indictment framed in reference to the directions given in section 1059. Three classes of persons are retailers within the meaning of the law, and neither is allowed to retail without a license: first, one who sells spirituous or vinous liquors in quantities less than a quart; second, persons who sell such liquors by the quart to a person of known intemperate habits; third, those who sell, in any quantities, to be drunk on or about the premises. If either of these sell, without a license, he is liable to be proceeded against as prescribed in section 1059; and on such indictment, if he is proved to have sold liquors in less quantities than a quart, or by the quart to a person of known intemperate habits, or in any quantity to be drunk on the premises, he may be convicted. Such an indictment puts in issue every violation of the law relating to retailers; and is equivalent to one containing separate counts for every possible violation of those laws.

It is contended, however, that the proof shown in the bill of exceptions is not sufficient to warrant the conviction, and should have been excluded by the court, when the motion was made for that purpose. The proof, thus objected to, shows that the defendant sold spirituous liquors to one James McDowell, by the quart and the half gallon, but not to be drunk on the place. It was further proved, by a number of witnesses residing in his neighborhood, and who had known him for several years, that McDowell was a man who was in the habit of drinking spirituous liquors to excess; that they had often seen him drunk at different times and places, so drunk as to stagger and fall on the ground; that his *habit* was to get drunk whenever and wherever he could get the liquor to drink; that he had been known to leave his house and work several days at a time, and having a jug of liquor with him to remain drunk in the woods. It was further in proof, that McDowell had lived near the defendant for a number of years; that the defendant knew him well; that on the 4th of July preceding the finding of the indictment, he was drunk at the defendant's house; that McDowell was well known in the neighborhood as a man of very intemperate habits, and that the defendant kept liquor for sale and had no license.— The bill of exceptions does not show that there was any con-

flict in the testimony, or that any proof was made in the defence. It shows, however, that after the proof on the part of the State had been given, the defendant objected to it, and moved to exclude from the jury that portion which tended to prove that McDowell was a man of known intemperate habits; but his objection and motion were overruled by the court, and he excepted. The court charged the jury, " that, if they believed the evidence, they should find the defendant guilty." To which charge the defendant also excepted.

We can perceive no error in the action of the court on the motion to exclude the testimony in relation to the intemperate habits of McDowell. The witnesses say they live in his neighborhood, and have done so for years; that McDowell's habits, in this respect, are well known to them, and in the neighborhood generally; and that his habits are *very* intemperate, and have been so for several years, during which time he was the neighbor of the defendant, and *well known* to him. It is necessary, in our opinion, before a witness should be allowed to prove the general character of a person, in respect to his habits, that the witness should state that he was acquainted with the general character of the party in the particular to which he deposes; but, if his testimony shows that he has such an acquaintance as authorizes him to speak to the point in controversy, this will be sufficient, whether his knowledge in this behalf is brought out on a preliminary examination, or during his examination in chief. In this case, the witnesses depose, that they are and have been the neighbors of McDowell; that they know his character for intemperance; and that he is a man of known intemperate habits. This is sufficient to show that he fills the character to whom the unlicensed retailer is forbidden to sell, and to whom, if he does sell, it will be in violation of law.

The testimony, in this case, was properly allowed to go to the jury; and if the defendant had desired to weaken its force, or destroy its conclusiveness, he should have done so by addressing such inquiries to the witnesses examined by the State, or others, as would tend to show that their opportunities of knowing the habits of McDowell, in respect to his intemperance, were not such as to enable them to speak of them.

This proof should, however, have been left to jury, for

them to say whether, from the facts proved, the defendant knew the habits of McDowell at the time he sold to him. His knowledge, we think, might well be inferred from the testimony, which shows that he had ample opportunity to know the habits of his customer; but this is an inference of one fact from the existence of another, or an inference of fact, which the jury had the only right to draw. The charge of the court assumes, that a knowledge of the intemperate habits of McDowell had been brought home to the accused, and upon this assumption directs the jury that his guilt was made out, if they believed the testimony. This is erroneous. Knight's Adm'r. v. Vardeman, at the present term; 22 Ala. 469.

Let the judgment be reversed, and the cause remanded.