Farnsworth *v.* Farnsworth.

---

LIZZIE O. FARNSWORTH *v.* LEWIS H. FARNSWORTH.

*Divorce.* "*Sufficient Pecuniary Ability to Provide,*" etc.
R. L. s. 2362.

To entitle a wife to a decree under the statute—R. L. s. 2362—authorizing a divorce on the ground of cruel neglect to support, when the husband has "*sufficient pecuniary ability to provide,*" etc., it must be shown that he was possessed of sufficient money or other available property to provide suitable maintenance, and that without cause he has cruelly neglected to use it for that purpose. The property may consist of money wages received by the husband for his labor during the time complained of; but he must actually have the requisite amount of money or other property; and it is not enough to show that he had capacity to acquire ample means, but being shiftless neglected to do it.

PETITION for divorce. Heard by the court, March Term, 1886, POWERS, J., presiding. The causes alleged were intolerable severity and refusal to support. The court adjudged that the facts proved as to the petitionee's pecuniary ability did not constitute "sufficient pecuniary ability" within the contemplation of the statute, and dismissed the petition.

*Heath & Willard,* for the petitioner.

The opinion of the court was delivered by

WALKER, J. The fifth clause of sec. 2362, R. L., relating to causes for which divorces may be granted, provides that a divorce may be decreed:

"On petition of the wife when the husband, being of sufficient pecuniary ability to provide suitable maintenance for her, without cause grossly or wantonly and cruelly refuses or neglects so to do."

The only question presented and discussed by counsel in this case is, what constitutes "pecuniary ability" in the sense in which the words are used in the clause of the statute above quoted.

To entitle the wife to a decree of divorce under this clause of the statute, it is essential that the husband should be shown to be possessed of sufficient money or other available property to provide a suitable maintenance for her according to their rank and station in society and that the husband, without cause, has grossly or wantonly and cruelly refused or neglected to appropriate it for her maintenance.

The pecuniary ability mentioned in the statute clearly has reference to the possession, by the husband, of means in property to provide the necessary maintenance for the wife, and not to his capacity for acquiring such means by his own labor.

It is not necessary that the husband's means should consist alone of lands and cattle, or some property in concrete shape, other than money. It may consist of money wages, which the husband receives for his own labor, or money derived from any source, as well as lands and cattle, or any other property in concrete form.

No refusal or neglect of the husband to make provision for the support of the wife is a cause of divorce under this clause of the statute, unless he had available property

which he could have appropriated for that purpose and of such an amount as the County Court, on hearing the evidence, deem sufficient to have enabled him to properly support the wife. The amount requisite to constitute such sufficiency depends upon the position and rank which the parties occupy in society, and other circumstances peculiar to each case, and must be determined in the cases as they arise.

It is not enough to show that the husband had health and capacity to acquire ample means for such support by his own labor. It must be distinctly shown that he actually had the requisite amount of money or other property, during the period complained of, for furnishing proper maintenance for the wife. It is not material from what source the means are derived. If the actual avails of the husband's labor were sufficient to have enabled him to provide suitable maintenance for the wife, and he wantonly and cruelly neglected or refused to appropriate it for such purpose, it would constitute a cause of divorce within the meaning of the statute.

The evidence given in the County Court on the trial of this cause, though very conflicting, is all certified up as facts found, and presents to this court a record of conflicting facts. From the whole record we are unable to find that there was error in the judgment of the court below. The record, when carefully considered, shows that the husband was a lazy, shiftless fellow, and probably had physical ability and capacity, if he had properly applied himself, to earn wages sufficient to provide suitable maintenance for his wife, but it does not show that the avails of his labor, actually performed during the period complained of, were sufficient to have enabled him to provide proper maintenance for her. Nor does it show that he had other money or property which he could have used for furnishing such necessary support.

Judgment affirmed.