## LINNIE A. JEWETT v. WILLIAM A. JEWETT.

*Divorce. Refusal to Support. No.* 59, *Acts of* 1886.

The fact that a husband, being able to work, and having plenty to do, refuses to work and support his wife, is not a ground for divorce under subdivision 5 of s. 2362, R. L., as construed by No. 59 of the Acts of 1886.

This was a petition for divorce on the ground of wilful refusal to support, and was heard at the April Term, 1888, Veazey, J., presiding. The court refused to grant the prayer of the petition, to which the petitioner excepted. The facts appear in the opinion.

*Farrington & Post,* for the petitioner, argued that the act of 1886, having been passed immediately after the promulgation of the opinion of the court in *Farnsworth* v. *Farnsworth,* 58 Vt. 555, was manifestly intended to put a differentcon struction upon the statute from the one put upon it by the court in that case.

The opinion of the court was delivered by

Ross, J. This case comes to this court on the exception of the petitioner to the refusal of the County Court to grant her a divorce for the alleged cause of a wilful refusal to support. The County Court found that the parties were duly married; that the petitioner has such a residence as the law requires; that the petitionee was able-bodied, capable of performing ordinary manual labor; could have found such labor to perform, but would not and did not work, and had no means, from work or other source, with which to support his family, and that he neglected to support the petitioner. On these facts the County Court dismissed the petition. The single question presented for consideration is, was the action of the County Court erroneous? It is claimed to be erroneous under Act 59 of the session laws of

1886, construing subdivision 5 of s. 2362, R. L., which reads : " A divorce from the bonds of matrimony may be decreed upon petition of the wife, when the husband, being of sufficient pecuniary ability to provide suitable maintenance for her, with-out cause, grossly or wantonly and cruelly refuses or neglects so to do."

The act of 1886 declares: "The words sufficient pecuniary ability to provide suitable maintenance, as used in subdivision 5 of s. 2362, R. L., are hereby construed to mean sufficient ability to provide suitable maintenance for a wife, whether derived from the income of property, personal labor or any other source."

It is to be observed that no attempt is made by the act of 1886 to enact a new cause for granting a divorce. It still leaves the cause, such a refusal or neglect, on the part of the husband, to provide suitable maintenance for the wife, out of " sufficient pecuniary ability" possessed by him, from whatever source derived. The word " derived " clearly imports ability acquired and at the husband's disposal for her support, and not pecuniary ability, which he might have acquired but for the fact that he had been constitutionally tired and shiftless. If, as contended by the petitioner's counsel, the Legislature meant to make lazi-ness and shiftlessness a cause for a divorce, it took a most inap-propriate and insufficient method of giving expression to that intention. To endorse this contention requires this court to write the members of the Legislature of 1886 down as possessing the opposite of the constitutional qualifications—" Men most noted for wisdom and virtue," to wit, men lacking in the commonest wisdom, and incapable of using the English language so as to express their intention in regard to a very common and simple proposition. The counsel for the petitioner contends that the construction which we have placed upon the act of 1886 had already, in *Farnsworth* v. *Farnsworth*, 58 Vt. 555, been placed by this court on subdivision 5 of s. 2362, R. L. That is true. Whether that decision had been made public at the time the act

was passed we do not know.   If so, it is not the first time that the Legislature has, by an enactment, affirmed the construction which this court had already placed upon a provision of the statute.   The act of 1886 does not attempt to amend, alter or enlarge subdivision 5 of s. 2362, but simply to construe it, just what the court did by the decision in *Farnsworth* v. *Farnsworth*, *supra*. It avails little to determine whether the court or the Legislature first gave to it this construction. They do not disagree as to the proper construction to be placed upon this division of the statute.   When the act of both is confined to the single object of giving construction to the fairly plain language of a provision of the statute, it should not be considered so wonderful that they agree, as to require that an anomalous meaning should be placed upon the language of one body in order to produce a disagreement.

*The judgment of the County Court is affirmed.*