# Jones *v.* The State.

## *Indictment for selling Spirituous Liquors contrary to Law.*

1. *Indictment for selling liquor contrary to law; not necessary to allege the name of the person to whom the liquor was sold.*—Under the statute prescribing what is necessary for an indictment for retailing spirituous, vinous or malt liquors without a license and contrary to law to aver (Code, § 5077), in an indictment for selling spirituous, vinous or malt liquors without a license, or in violation of a local prohibition law, it is not necessary to allege the name of the person to whom the liquor is charged to have been sold by the defendant.

2. *Same; defendant not entitled to bill of particulars.*—Under an indictment for selling liquor without a license or in violation of a local prohibition law, the defendant is not entitled, as a matter of right, to a bill o particulars showing the time and place of the sale of the liquor and the name of the person to whom the sale was made, and the court does not err in overruling a motion by the defendant to require the solicitor for the State to furnish him with such bill of particulars.

3. *Indictment for selling liquor contrary to law; admissibility of evidence.*—On a trial under an indictment for selling spirituous, vinous or malt liquors contrary to law, where the evidence for the State tends to show that the defendant went in company with the person to whom the liquor was alleged to have been sold, to the defendant's room, where

[Jones v. The State.]

a box was opened and a bottle of whiskey was taken there-from, which said person took and paid the defendant for in part, it is not competent for the defendant to prove that said person kept whiskey in a private locker in the de-fendant's room to which said person had a key.    (TYSON, J., *dissenting.*)

4. *Indictment for selling liquor contrary to law; argument of counsel to jury.*—On a trial under an indictment for selling spirituous, vinous or malt liquors contrary to law, where the evidence for the State tends to show that the defendant and the person to whom it was alleged the whiskey was sold, went to the express office together, where the defendant got a box which was carried to his room, and after being opened said person took a bottle of whiskey and paid the defendant seventy-five cents, saying that he would pay the balance when he got it, the defendant's attorney does not transcend the limits of legitimate argument when in his argument to the jury after reviewing the facts as above set out, he makes the following statement:    "We know that it may take money to take packages out of the express office, and for all the jury knows from the testimony the seventy-five cents may have been money paid by Jones for the purpose of getting the box out of the express office"; and the court errs in excluding such remarks of the defend-ant's counsel.

APPEAL from the County Court of Hale.
Tried before the Hon. W. C. CHRISTIAN.

The indictment under which the appellant in this case was tried and convicted, was as follows: 1. "The grand jury of said county charge that before the find-ing of this indictment that Cad Jones did within the county of Hale, in the State of Alabama, sell spirit-uous, vinous or malt liquors, without a license and con-trary to law."

2. "The grand jury of said county further charge that before the finding of this indictment that Cad Jones did within the county of Hale, in the State of Alabama, sell, give away to, or procure for Mark Otts, or did aid the said Mark Otts in procuring vinous, spirituous or malt liquors, or intoxicating drinks, bit-ters or beverages without a license and contrary to law, against the peace and dignity of the Sate of Alabama."

The defendant demurred to the 1st count of the indict-

ment upon the ground that it fails to state the name of the person to whom the defendant is charged with having sold spirituous, vinous or malt liquors without a license and contrary to law. This demurrer was overruled.

The defendant then moved the court to require the solicitor for the State to furnish him with a bill of particulars to show the time and place of the sale of the liquor charged in the indictment. The facts in reference to this motion are sufficiently stated in the opinion. The court overruled the motion, and the defendant duly excepted.

J. W. Otts a witness for the State testified that within 12 months before the finding of the indictment in this case, the defendant sold to Mark Otts a brother of the witness, a quart of whiskey; that he, the witness, saw the defendant and Mark Otts go to the express office in Greensboro, in Hale County, and come from the express office with a negro carrying a box for them; that they went to the defendant's room where the defendant had the negro to open the box, and that the negro took from the box a quart bottle of whiskey and set it on top of the box, and then left; that Mark Otts picked up the quart bottle of whiskey so placed on the box and put it in his pocket and then gave the defendant 75 cents and told him he would give him the balance as soon as he got it; that Mark Otts left the room carrying the whiskey with him.

The defendant as a witness in his own behalf testified that he never, at the time mentioned by the witness or any other time sold any whiskey to said Mark Otts; that Mark Otts had a key to his, the defendant's room, and he had also in the defendant's room a private locker, to which he had a key. Thereupon the defendant was asked by his attorney the following question. "What did Mark Otts keep in that locker which he had in your room and to which he had a key?" The court sustained the objection of the State to this question, and to this ruling the defendant duly excepted. Counsel for the defendant then stated to the court that he proposed to prove to the jury by the defendant that at

[Jones v. The State.]

the time fixed by the State's witness as to the sale charged in the indictment, Mark Otts kept wine and whiskey, his individual property, in the locker in the defendant's room; but upon objection on the part of the State to making such proof, the court sustained the objection, and to this ruling the defendant duly excepted. Thereupon defendant was asked by his counsel the following question: "State whether at that time Mark Otts kept in that locker wine and whiskey?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

During the argument of the defendant's counsel to the jury he used the following language: "The proof shows that Cad Jones and Mark Otts went to the express office together, and that when they came out they were with a negro who had a box. That they went immediately to Jones' room to which Mark Otts had a key, and in which he had a locker, to which he also had a key, and there the box was opened, and one bottle of whiskey was seen by witness J. W. Otts, who testifies that he saw Mark Otts take the bottle and put it in his pocket and he also saw Mark Otts hand Jones seventy-five cents, and heard him say he would give him the balance some other time. We know that it may take money to take packages out of the express office, and for all the jury knows from the testimony the seventy-five cents may have been money paid by Jones for the purpose of getting the box out of the express office." The solicitor objected to the last sentence of the language quoted above commencing with the words, "We know that it may take money to take packages out of the express office," and moved the court to exclude the same, upon the ground that there was nothing in the testimony from which such inference as stated by the attorney could be drawn. The court sustained the objection of the solicitor and to this ruling of the court the defendant duly excepted.

deGRAFFENRIED & EVINS, for appellant.—The demurrer to the indictment should have been sustained. The defendant had the constitutional right to be informed of the nature and the cause of the accusation against

him.—*Francois, v. State,* 20 Ala. 84; *Dorman v. State,* 34 Ala. 250; *McLaughlin v. State,* 45 Ind. 338.

The statute prescribing what is necessary for an indictment for selling spirituous liquors contrary to law to contain, and in requiring that the name of the person to whom the liquor is alleged to have been sold be averred, is obnoxious to the constitutional provision, which secures to the defendant the right "to demand the nature and cause of the accusation."—Code, § 5077; Const. of 1875, § 7 Bill of Rights; Constitution of 1901, § 6; *McLoughlin v. State,* 45 Ind. 338; *State v. Walker,* 3 Harr. (Del.) 547; *Herron v. State,* (Ind.) 46 N. E. Rep. 540; *Ashley v. State,* 92 Ind. 559; *Wreidt v. State,* 48 Ind. 579; *State v. Jackson,* 4 Blackf. 49; *State v. Stucky,* 2 Blackf. 289; *State v. Allen,* 32 Iowa, 491; *Com. v. Cook,* 13 B. Mon. (Ky.) 149; *Com. v. Crosby,* 162 Mass. 515; *Com. v. Trainor,* 123 Mass. 414; *Com. v. Griffin,* 105 Mass. 175.

In a criminal case a bill of particulars is required whenever the indictment fails to give notice of the special matter intended to be proved.—*Williams v. Commonwealth,* 91 Pa. St. 493; *Commonwealth v. Snelling,* 15 Pick. (Mass.) 329; *Rex. v. Hodgson,* 3 Carr. & P. 422.

MASSEY WILSON, Attorney-General for the State. The indictment being in the form prescribed by the Code was sufficient and not subject to the demurrer interposed to it.—Code, p. 335, Form 79, and cases cited.

The motion of the defendant for a bill of particulars was properly overruled.—3 Encyc. of Pleading and Practice, 522, 527.

The argument of the defendant's attorney to which the objection of the solicitor was sustained, was unauthorized by the evidence.—*McAdory v. State,* 62 Ala. 154.

TYSON, J.—The defendant was convicted for violating a local prohibition law. The first count in the indictment is in the form prescribed by the Code.

Crim. Code, p. 335, form 79. A demurrer was interposed to this count on the ground that it failed to allege the name of the person to whom the liquor was sold, which was overruled. Section 5077 of the Code provides that "In an indictment for retailing spirituous, vinous or malt liquors without license, it is sufficient to charge that the defendant sold spirituous, vinous or malt liquors without a license and contrary to law; and on the trial, any act of retailing in violation of the law may be proved; and for any violation of any special and local laws regulating or prohibiting the sale of spirituous, vinous or malt liquors within the place specified, such form shall be held good and sufficient." Prior to the enactment of this statute it would doubtless have been necessary to allege the name of the purchaser.—*Dorman v. State,* 34 Ala. 216. And it is insisted that it is still necessary. This contention proceeds upon the assertion that the statute is unconstitutional—that it is violative of section 7 of the Bill of Rights, Constitution of 1875 (Section 6 of constitution of 1901), which guarantees to defendant the right "to demand the nature and cause of the accusation." This question was settled adversely to appellant in *Noles v. State,* 24 Ala. 72. It was again raised in *Elam's Case,* (25 Ala. 53), and this court disposed of it in this language: "The indictment in this case is drawn in strict conformity with the directions given in the Code (§ 1059) and is, therefore, sufficient. Under such an indictment, the defendant may be called on to answer for any violation of the law concerning retailing which may be proved against him on the trial. We have already held, upon the fullest consideration, that when the Code prescribes a form, or specially directs what shall be charged in an indictment for a particular class of offenses, the proper course is for the pleader to adopt the form or pursue the special directions thus given. *Noles v. State,* at the present term."

In *Cochran v. State,* 30 Ala. 546, it was said: "Section 3503 of the Code expressly sanctions the manner of stating the act constituting the offense, as set forth in that form; and it gives a like sanction to the other forms in the appendix in all cases where they are

applicable. The sufficiency of those forms, in cases for which they were designed, have been deliberately asserted by our predecessors and is not now considred an open question.—*Noles v. State*, 24 Ala. 672; *Elam v. State*, 25 Ala. 53."

It is scarcely necessary to say more. These cases settle beyond further controversy the sufficiency of the indictment. However, see cases collected in 1 Mayfield's Dig. p. 422, § 11. The demurrer was properly overruled.

After the demurrer was overruled, the defendant moved the court to require the solicitor to furnish him with a bill of particulars showing the time and place of the sale, etc. of the liquor and the name of the person to whom the sale etc. was made. In support of the motion an affidavit made by defendant was filed in which he deposed to his ignorance of the time and place and the name of the purchaser etc. etc. The court overruled the motion to which an exception was reserved. The following cases are cited in support of defendant's right to the bill of particulars: *Williams v. Com.*, 91 Pa. St. 493; *Com. v. Snelling*, 15 Pick. (Mass.) 329; *People v. McKinney*, 10 Mich. 54, and *Rex v. Hodgson*, 3 Carr. & P. 422. It must be conceded that they recognize his right to it, but in each of them, except the English case, they say it is a matter within the sound discretion of the trial court, and in the Pennsylvania and Michigan cases, a doubt is expressed as to whether the refusal of the trial court to order the bill is revisable. In the Massachusetts case, the court granted the motion, which was made by the State, and it was held to have been properly granted. The report of the English case was of the trial at *nisi prius*. Whatever may be the practice in those jurisdictions with respect to demanding a bill of particulars in criminal cases and the right to review the action of the trial court, the practice has never prevailed in this State, and we would be unwilling to introduce into it such an innovation even if there was no precedent against it. But the practice allowed to obtain in these cases is by no means universal. In other

jurisdictions it is repudiated.— *The State v. Williams,* 14 Tex. 98; *The State v. Quinn,* 40 Mo. App. 627; *The Com. v. Moore,* 2 Dana (Ky.),402; *U. S. v. Ross,* 1 Morris (Iowa), 164. And in this state we have, in the case of *Elam v. State,* 26 Ala. 48, a precedent against it. In that case, the defendant as here, was indicted for retailing liquor without license. The indictment was in the Code form. Before any evidence was introduced, the defendant moved the court that the solicitor be required to state and elect for which of the three offenses of retailing the defendant was to be tried. The motion was overruled. This court said: "We see no error in the action of the court overruling the motion made by defendant below to require the solicitor to state in advance for which of the different varieties of retailing he was to be proceeded against. The indictment, it is true, is general in form, but its sufficiency was determined when this case was last here (25 Ala. 53); but the fact that it is general and broad enough under the Code to allow evidence of any violation against the law of retailing is not a sufficient reason for requiring the prosecuting officer to state before hand the particular offense he intends to prove."

The writer entertains the opinion that the defendant should have been allowed to prove that Otts kept whiskey in the locker to which he had a key. It was a circumstance which he had a right to have go to the jury. It tended in some degree, when taken in connection with all the testimony, to show that the bottle of whiskey that the State's witness saw Otts have, belonged to him and not to defendant, and, furthermore, it tended to repel the adverse inference that might be drawn from the fact, that Mark Otts came out of defendant's room with the bottle of whiskey which it is charged that he purchased from defendant. The other members of the court do not concur in this view, and hold that the testimony was inadmissible.

We all concur, however, in the opinion that the court committed an error in excluding the remarks of defendant's counsel made in his argument to the jury. They were not illegal; involved no statement of fact; but were a mere inference from the testimony which

counsel had, in our opinion, a right to argue. Wheth-
er logical or illogical is immaterial.—*Lide v. State,*
133 Ala. 62, 63, and cases cited.

Reversed and remanded.