# Walker *v.* The State.

*Appearing in Public Place Intoxicated.*

(Decided March 2nd, 1907.   43 So. Rep. 188.)

*Indictment; Constitutional Requirements; Statutes; Validity.*—Section 4903, Code 1896, dispensing with more particular designation of the place than "in a public place", in charging an offense committed in a public place, sufficiently secures to accused the right to be informed of the nature and cause of the accusation within the Bill of Rights.

[Walker v. The State.]

APPEAL from Hale County Court.

Heard before Hon. W. C. CHRISTIAN.

Defendant was indicted, tried and convicted on the charge of public drunkenness. Demurrers were interposed to the indictment but as they are not set out in the record they were not considered by the court. The facts ar sufficiently stated in the opinion.

DEGRAFFINRIED & EVINS, for appellant.—Section 4903, Code 1896, is violative of the section of the bill of rights which secures to the defendant the right to be informed of the nature and cause of the accusation against him. —Cooley's Const. Lim. (5th Ed.) 330 and note 3; McLaughlin v. The State, 45 Ind. 338; Brown v. People, 29 Mich. 232; People v. Olmstead, 30 Mich. 431; State v. O'Flaherty, 7 Nev. 153; Chapman v. People, 39 Mich. 357.

ALEXANDER M. GARBER, Attorney General, for State. —The demurrer to the indictment is not set out in the record and cannot be considered.—McQueen v. The State, 138 Ala. 63. The failure to refile the demurrers to the second indictment was an abandonment of them. —Brown v. City of Mobile, 122 Ala. 159. The second indictment is not subject to the demurrer.—Section 4656, Code 1896.

SIMPSON, J.—The appellant was indicted and convicted of the offense of appearing in a public place, etc., while intoxicated, under section 4656 of the Code of 1896.

The only point insisted upon by the appellant is that section 4903, which dispenses with any more particular designation of the place than "in a public place," is violative of our Bill of Rights, securing to a defendant the right to be informed of the nature and cause of the accusation against him. This proposition has been thoroughly considered by this court, and the constitutionality of such provision upheld.—Jones v. State, 136 Ala. 123, 34 South. 236; Noles v. State, 24 Ala. 672; Elam v. State, 25 Ala. 53.

[Leonard v. The State.]

There being no error in the record, the judgment of the court is affirmed.

Affimed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.