# Brandon *v.* Progress Distilling Co.

## *Assumpsit.*

(Decided June 9, 1910.   52 South. 640.)

1. *Justices of the Peace; Appeal; Trial.*—Where trial was had in a justice court upon a complaint claiming $100.00, and judgment rendered thereon, and, on appeal to the circuit court, the complaint was amended so as to claim more than $100.00, which complaint was stricken, on motion, and the complaint again amended so as to claim the amount claimed in the original complaint, for which amount judgment was rendered, the result attained was correct, and no prejudicial error intervened.

2. *Evidence; Opinion Evidence; Conclusion.*—A witness may state his judgment as to the existence vel non of the facts, where the facts stated are collective facts, and such judgment is based on the knowledge of the constituent element thereof, but a witness cannot state his conclusion as to the very facts in issue between the parties.

3. *Same.*—Where the issue was whether a third person was a member of the firm, a witness may not be allowed to state his judgment that such third person was a partner.

4. *Evidence; Memorandum.*—An unsworn memorandum not coupled in the evidence with any admission either express or implied

on the part of the defendant, or of any alleged partner, that the firm was indebted on account of the particular items set out in the memorandum, it is not admissible to show the firm's indebtedness.

5. *Partnership; Actions Against; Evidence.*—Where the action is against one on the theory that he is a member of a firm indebted to plaintiff, unpaid checks made payable to the plaintiff and drawn by a member of the firm to cover the balance due plaintiff, are admissible to establish the firm's indebtedness, a fact which the plaintiff must prove in order to recover.

6. *Appeal and Error; Harmless Error; Evidence.*—Where the facts standing alone are not sufficient to show that a third person was a partner in a firm, to allow a witness to state his judgment that such third person was his partner, was prejudicial.

7. *Same.*—Unless the remaining evidence is without conflict and sufficiently supports the judgment, this court will presume on appeal that the admission of illegal evidence in a cause tried by the court without a jury, operated to the injury of the defeated party, and where the evidence is conflicting and the court cannot determine on which side it preponderates, the error in admitting illegal evidence necessitates a reversal. (This under the statute requiring the supreme court to review judgments on the facts and render the proper judgment.)

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by the Progress Distilling Company against D. S. Brandon, in assumpsit. Judgment for plaintiff and defendant appeals. Reversed and remanded.

DAVID A. GRAYSON, for appellant. All the evidence appears of record and the judgment is so manifestly against the evidence that the court will review it and render a proper verdict.—*Nave v. Gardner,* 70 Ala. 443; *Ward v. Albertville,* 130 Ala. 599. Counsel discusses assignments of error seriatum, but without citation of authority.

S. S. PLEASANTS, for appellee. The judgment is not so plainly erroneous as to authorize the setting aside of the verdict.—*Woodrow v. Hawving,* 105 Ala. 240; *Bridgeport L. Co. v. Ladd,* 107 Ala. 244; *Simpson v. Golden,* 114 Ala. 336; *Ward v. Gurley,* 131 Ala. 568; *Tony v. The State,* 144 Ala. 87. The evidence showed a

partnership.—*Gulf City S. Co. v. Boyles,* 129 Ala. 192; *Stafford v. Sibley,* 113 Ala. 447. The judgment was not erroneous.—*R. & D. R. R. Co. v. Hutto,* 102 Ala. 575.

SAYRE, J.—Donegan & Lacy had purchased whisky from the Progress Distilling Company. Suit for the purchase price was brought against Brandon on the theory that he was a member of the firm. This the appellant denied, claiming that he had been involved in the affairs of the partnership as a creditor only, and that his activity about the business constituted nothing more than an effort to collect certain money for which he had become liable as a surety, but not as a partner. This issue was tried by the court without a jury, and the chief contention here relates to the correctness of the conclusion reached in the trial court. We, however, have reached the conclusion that the case ought to be reversed on other grounds, and have pretermitted a decision on the question of fact.

There was certainly no error in the trial court's dispositions of questions of pleading. The suit had been commenced before a justice of the peace. The plaintiff there claimed the sum of $100, and had judgment for that amount. In the circuit court, on appeal, the plaintiff filed a complaint claiming an amount in excess of $100. By a motion to dismiss the cause, and by a plea in abatement, defendant advanced the proposition that the court was without jurisdiction, for the reason that the amount in controversy exceeded the jurisdiction of the court in which the cause originated, there having been no express remittitur of the amount claimed in excess of $100. The court overruled the motion to dismiss and struck the plea from the file. Defendant then moved to strike the complaint, which motion being granted, plaintiff amended its complaint by

so framing it as to claim the sum of $100, with interest, and for that amount, with interest, judgment was rendered. In the result of all this there was no error. —*R. & D. R. R. Co. v. Hutto*, 102 Ala. 575, 14 South. 875.

At more than one point during his examination as a witness Donegan, husband of the Donegan of Donegan & Lacy, was permitted by the court, over defendant's objection, to state his judgment that defendant was a member of the partnership. There have been cases decided here in which it was held that a witness may state his judgment as to the existence vel non of facts where the facts stated were collective facts and the judgment of them was based upon knowledge of all the constitutent elements. Sometimes it is impracticable to lay before the jury all the details upon which the collective fact is based.—*E. T. V. & G. R. R. Co. v. Watson*, 90 Ala. 41, 7 South. 813; *McVay v. State*, 100 Ala. 110, 14 South. 862. It has been said that the soundness of the conclusion in such a case is to be tested on cross-examination. But it has never been held that a witness may usurp the function of the jury—or the court, when it passes on the facts—by stating his conclusion as to the very fact in issue between the parties. The rulings have been to the contrary.—*L. & N. R. R. Co. v. Landers*, 135 Ala. 504, 33 South. 482; *Moore v. Monroe Refrigerator Co.*, 128 Ala. 621, 29 South. 447. The error here involved was not relieved of injurious consequence by the fact that elsewhere in his testimony the witness detailed some facts which may have tended to show that defendant was a partner in the firm of Donegan & Lacy, but which, standing alone, were wholly inadequate to sustain that conclusion.

[Brandon v. Progress Distilling Co.]

It was shown that checks, payable to plaintiff, had been drawn by Donegan & Lacy to cover a balance due by them to plaintiff, and that these checks had not been paid. The checks, properly identified, were received in evidence. There was no error here. It was necessary that plaintiff should establish the indebtedness of Donegan & Lacy as well as defendant's membership in that firm. The drawing of the checks by a person who was confessedly a member of the firm constituted an admission of indebtedness. Not so, however, with the account admitted in evidence. That was nothing more than an unsworn memorandum, and was not coupled in evidence with any admission, express or implied, on the part of defendant or any other member of the alleged partnership, that the firm was indebted on account of the particular items set out in the memorandum, and its admission was error.

In the construction of statutes which require this court to review the conclusions and judgments of trial courts upon the facts and render such judgment as may seem right, we have settled down to the holding that where a cause is tried by the court without a jury, the admission of illegal evidence raises a presumption of injury and requires a reversal, unless the remaining evidence is without conflict and is sufficient to support the judgment. In this case all things were in dispute. The evidence was in conflict, and it is hard to say, on consideration of the report of it in the record, on which side it preponderates. We cannot know how far the trial court was influenced in the findings of facts by the evidence erroneously admitted. The judgment, we think, ought to be reversed, and the cause remanded for another trial.—*Bank of Talladega v. Chaffin*, 118 Ala. 246, 24 South. 80; *Black v. Pate*, 130 Ala. 514, 30

South. '434; *Miller v. Mayer,* 124 Ala. 434, 26 South. 892.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.