(75 South. 707)

DENNIS v. STATE. (6 Div. 164.)

(Court of Appeals of Alabama. May 15, 1917.)

1. FALSE PRETENSES ☞7(4) — OBTAINING GOODS ON CREDIT — "PECUNIARY CONDITION."

Obtaining goods on credit by false pretenses, regarding pecuniary condition or financial responsibility, is a crime within Code 1907, § 6920, providing for conviction of "any person who, by any false pretense or token, and with the intent to injure or defraud, obtains from another any money or other personal property," as well as by section 6925, specifically making such action a crime; the term "pecuniary condition," used in section 6925, comprehending, not only money in hand, but property and all other assets of value constituting an existing fact that go to make up financial responsibility as a basis of credit.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. §§ 9–11.]

2. INDICTMENT AND INFORMATION ☞110(15) —FOLLOWING STATUTORY LANGUAGE—SUFFICIENCY—FALSE PRETENSES.

An indictment for obtaining goods by false pretenses, following the language of Code 1907, § 6920, defining the offense, was not objectionable.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 291–294.]

3. FALSE PRETENSES ☞44—ADMISSION OF EVIDENCE—FINANCIAL STATEMENT.

In prosecution for obtaining goods by false pretenses regarding pecuniary condition, the financial statement made by defendant as to his holdings was admissible.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 58.]

4. WITNESSES ☞255(7)—REFERENCE TO LOOSE SHEETS FROM LEDGER.

In prosecution for obtaining goods by false pretenses, superintendent of firm defrauded, who had not made ledger entries, but had supervisory control of all books of account, could not refer to loose leaves of ledger to refresh his recollection, nor for any other purpose.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 881, 882.]

5. CRIMINAL LAW ☞1144(13) — APPEAL — FINDINGS—PRESUMPTION.

Where bill of exceptions does not purport to set out all evidence in a criminal prosecution, it will be presumed that there was evidence to sustain court's ruling.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2901, 3031.]

6. FALSE PRETENSES ☞44—EVIDENCE—ISSUANCE OF CHECK.

In a prosecution for obtaining goods by false pretenses relating to pecuniary condition, the issuance of the check upon which payment was refused on the date of its issue soon after making of pretenses had a tendency to show their falsity.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 58.]

7. CRIMINAL LAW ☞268—EXCLUSION OF EVIDENCE—MATTER NOT IN ISSUE.

In prosecution for obtaining goods by false pretenses, refusal to admit evidence disputing corporate existence of company defrauded was proper; such question not being in issue in view of Code 1907, § 6876, providing that corporate existence is not in issue in the absence of a sworn plea.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 621–623.]

8. CRIMINAL LAW ☞448(12)—ADMISSION OF EVIDENCE—CONCLUSIONS.

In a prosecution for obtaining goods by false pretenses, a question to a witness as to whether goods were sold to defendant, because of latter's statement as to pecuniary condition, was inadmissible, because calling for conclusion of the witness with reference to an issue that was for the determination of the jury, and also for an undisclosed reason of another.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1036, 1042.]

9. FALSE PRETENSES ☞44—ADMISSION OF EVIDENCE—NEGATIVING FRAUDULENT INTENT.

In a prosecution for obtaining goods by false pretenses, as to pecuniary condition, defendant's evidence showing character of his business and daily deposits of money was admissible, since it tended to rebut the state's theory that statements were made with fraudulent intent.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. § 58.]

Appeal from Criminal Court, Jefferson County; A. H. Alston, Judge.

Charles Dennis was convicted of obtaining goods under false pretenses, and appeals. Reversed and remanded.

The indictment charges that Charles Dennis did falsely pretend to the Cudahy Packing Company of Alabama, a body corporate, with the intent to defraud, that his net resources at that time, after deducting his total liabilities from his total resources, were $11,-030, and, by means of such false pretense, obtained on credit from the Cudahy Packing Company, a body corporate (here follows the number of items). The second count charges the same offense, with the allegation that Dennis falsely pretended to Edward H. Seay, the agent of the Cudahy Packing Company, a body corporate, while the said Edward H. Seay was acting within the line and scope of his duties, as such agent, with the intent to defraud, etc., as alleged in count 1. While E. H. Seay, the manager of the corporation, was testifying, he offered to read some loose sheets, which he said were taken from the ledger of the Cudahy Packing Company. Objection being interposed, witness testified he was not the bookkeeper of the corporation,

---

but was superintendent of the office, and had supervisory control of all books of account.

W. P. McCrossin and Geo. E. Bush, both of Birmingham, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] Obtaining goods on credit by false pretenses involving the statement of a fact as to the pecuniary condition or financial responsibility of the accused is a crime within section 6920, Code 1907. Beasley v. State, 59 Ala. 20; Woodbury v. State, 69 Ala. 242, 44 Am. Rep. 515; 19 Cyc. 398 (IV, C, 2, I); People v. Conger, 1 Wheeler's Cr. Cas. (N. Y.) 449; People v. Haynes, 11 Wend. (N. Y.) 565; People v. Kendall, 25 Wend. (N. Y.) 399, 37 Am. Dec. 240; Clifford v. State, 56 Ind. 245. Such offense is also within section 6925, which not only denounces such false pretenses as crime, but fixes the venue of the trial of such case. In addition to this, it is made a crime by this section to bring, or cause to be brought into this state, money, goods, or chattels obtained by false pretenses in another state, and the statute fixes the venue of the trial of such cases.

The term "pecuniary condition," found in this section of the Code, comprehends, not only money in hand, but property and all other assets of value constituting an existing fact that go to make up financial responsibility as a basis of credit. Words & Phrases (2d Series) p. 935; McCabe v. Jones, 141 Wis. 540, 124 N. W. 486; Farnsworth v. Farnsworth, 58 Vt. 555, 5 Atl. 401; Jewett v. Jewett, 61 Vt. 370, 17 Atl. 734.

[2] The indictment follows the Code form for indictments under section 6920, and was not subject to the objection made by the demurrer. Toliver v. State, 142 Ala. 1, 38 South. 801; Jones v. State, 136 Ala. 118, 34 South. 236; Noles v. State, 24 Ala. 672; Addington v. State, ante, p. 10, 74 South. 846.

[3] The financial statement made by the defendant as to his holdings was properly received in evidence.

[4] It was not shown that the witness Seay had any knowledge of the correctness of the entries on the "loose sheets" taken from the ledger of the Cudahy Packing Company, and it affirmatively appears that he did not make the entries. The predicate did not bring these entries within the rule authorizing the witness to refer to such entries to refresh his recollection, or bring them within any other rule authorizing their admission in evidence. B. R. L. & P. Co. v. Seaborn, 168 Ala. 658, 53 South. 241; Hitt Lumber Co. v. McCormack, 13 Ala. App. 453, 68 South. 696; Minge v. Barrett Bros., 14 Ala. App. 468, 70 South. 962; Shirley v. South. Ry. Co., 73 South. 430.[1] The court erred in overruling the defendant's objection to the evidence.

[5, 6] The bill of exceptions does not purport to set out all the evidence in the case, and we will presume in favor of the ruling of the trial court that there was evidence showing that the check of date October 8, 1913, was presented to the bank referred to in the financial statement and payment refused on the date of its issue. Dickey v. State, 72 South. 608;[2] Harper v. State, 109 Ala. 28, 19 South. 857. If this was the true state of facts, the issuance of the check was so soon after the statement that it was a circumstance affording a slight tendency that the statement was not true when made.

[7] The corporate existence of the Cudahy Packing Company of Alabama was not an issue in the case, in the absence of sworn plea (Code 1907, § 6876), and the rulings of the court on the evidence offered by the defendant tending to dispute the corporate existence of this corporation were free from error.

[8] The court erred in overruling the defendant's objection to the question to the witness Duncan:

"Was the making of that statement, shown here in evidence, by Charles Dennis, the reason the Cudahy Packing Company let him have the goods sold him thereafter?"

This question called for the conclusion or opinion of the witness with reference to an issue that was for the determination of the jury, and also for an undisclosed reason of another. Brandon v. Progress Distilling Co., 167 Ala. 365, 52 South. 640.

[9] The evidence offered by the defendant to show the character of his business and the daily deposits of money made therefrom in bank had a tendency to rebut the state's theory that the statement was made with fraudulent intent and should have been admitted.

Reversed and remanded.

[1] 198 Ala. 102.      [2] 15 Ala. App. 135.