263 So.2d 507

**Jack CAHILL** ·

v.

**STATE.**

**1 Div. 149.**

Court of Criminal Appeals of Alabama.

March 28, 1972.

Rehearing Denied May 9, 1972.

Thomas M. Haas, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

PER CURIAM.

The indictment charged that the appellant did falsely pretend to Elizabeth Rollings with intent to defraud that he owned all of the interest and assets in the Fred Astaire Dance Studio in Mobile, Alabama, and by means of such false pretense obtained from said Elizabeth Rollings twenty thousand dollars. The trial resulted in a verdict of guilty and a judgment sentencing appellant to imprisonment in the penitentiary for six years.

On the trial of the case the prosecuting witness Elizabeth Rollings testified in substance that she was fifty-nine years of age and that she first heard of the Fred Astaire

Dance Studio when they called her in September, 1966; that they called her again in November at which time she made an appointment, went to the studio and talked to Mr. Auletta; that a few days later she went back for a lesson and in a short time met the appellant; that they talked to her about a bronze, silver and gold contract for lessons; that she purchased the three sets of lessons; that she gave a check for the lessons; that the first check was payable to Fred Astaire Dance Studio in the sum of $4,900.00, the second payable to appellant in the sum of $4,794.00 and the third payable to appellant in the sum of $4,500.-00; that the last two checks were endorsed by the appellant; that said checks were dated December 1, 1966, December 7, 1966, and December 20, 1966; and that the $20,-000.00 referred to in the indictment was obtained by the appellant on June 2, 1967.

She further testified in substance that Mr. Auletta worked for the appellant as an analyst; that she continued to go to the studio for lessons and saw the appellant on occasions there; that in May, 1967, she was asked to meet the appellant and Mr. Auletta in appellant's office at the studio, which she did; that appellant then said they appreciated the use of her money; that he was talking about money she had let Mr. Auletta have, which amounted to several thousand dollars; that appellant stated he had a chance to get the franchise for the State of Florida for Fred Astaire Dance Studios and that if he got the franchise he could pay her money back faster; that if she would let him have $20,000.00 he could pay it back within six to twelve months. The tendency of the evidence is that the $20,000.00 was to pay for the Florida franchise.

Mrs. Rollings further testified in substance that she told the appellant when he asked her for the $20,000.00 that she didn't know, that she did not have any money, that they had it all; that he then asked her to put a mortgage on her home and that she told him she could not do that; that he then asked her to put up as collateral some stock she had and she told him that was the only security she had left in the world; that he begged and pleaded and said that he was not trying to pull anything that you could sell this studio for $50,000.00; that appellant said he knew Mr. Ollinger at the American National Bank and that he could take the stock down and they would probably want the business and they asked her to meet them the next day at the bank; that she met them at the bank during her lunch hour; that at the bank in the presence of Mr. Ollinger and Mr. Auletta she said to the appellant, "I want to know if this school, Fred Astaire Dance Studio, is in your name or your mother's name?" and that he replied that it was in his name; that they did not get the money that day but later she went to another bank, The First National Bank, with Mr. Auletta and put her stock up and got $20,000.00; that she and Auletta then went to the studio and asked appellant how he wanted the check made out and he told her to make it out to Entertainment Enterprises; that she made the check out as directed and it was cashed. The check was introduced in evidence. A promissory note for $20,000.00 made payable to Elizabeth Rollings and signed by appellant dated June 2, 1967, was introduced in evidence. The witness was then asked this question, "If he had not told you that he owned the Fred Astaire Studio in Mobile, would you have let him have this $20,000.-00?" The appellant's objection to that question was overruled and the witness answered, "No, sir. I would not have."

This witness further testified, in substance, that she did not discover that appellant did not own that studio until the summer of 1968, a year after he gave her the note; that prior to her letting the appellant have the $20,000.00 she told him she would have to see a lawyer and that he said he would rather she did not because if she went to a lawyer that one lawyer would tell another and every lawyer in Mobile would know about it and that he would get into serious trouble.

The State introduced other evidence tending to show that the appellant did not own at the time in question the Fred Astaire Dance Studio in Mobile, Alabama, and that the statement he made to Mrs. Rollings to the effect that the studio was in his name was false.

Counsel for the appellant asked the prosecution witness when she first went to see Mr. Strickland, her attorney, and she stated the time when she did. He asked her about going before the grand jury. He asked her if on July 3, 1969, she received a deed from appellant to certain property in the State of Hawaii and she stated she did and that her lawyers handled it. She was also asked by counsel for appellant if since appellant was indicted she had received money from him in addition to this property. Appellant's counsel also asked her, "Then Mrs. Rollings it would be a fair statement to say that this man sitting here next to me has paid you back some of this money both before the time he was indicted and since the time that he was indicted." To this Mrs. Rollings replied, "Some of the money that was paid back was paid back on my dance lessons."

With the above as a background the prosecuting attorney introduced in evidence the summons and complaint and demurrer filed in the Circuit Court of Mobile County wherein Elizabeth Rollings was the plaintiff and Alabama Dance Studios, Inc., a Corporation, d/b/a Fred Astaire Dance Studio, et al. were defendants. The complaint sought recovery for breach of contract for dance lessons.

When the State rested its case the appellant made a motion to exclude the evidence. This motion was overruled by the trial court. The appellant also requested in writing the general affirmative charge, which was refused by the trial court.

The appellant complains on this appeal that the ruling of the trial court allowing the introduction in evidence of the summons and complaint and the demurrer thereto in the civil case above mentioned, in which recovery was sought for breach of contract for dance lessons, was error.

In Morrison v. State, 267 Ala. 1, 100 So. 2d 744, the court stated:

" 'However it is clearly settled by the doctrines of our cases that a judgment gained in a civil suit is not admissible against the defendant in a criminal prosecution growing out of the same transaction. Britton v. State, 77 Ala. 202. Conversely, verdicts in criminal cases are not admissible in civil cases arising out of the same transactions. Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L.R.A. 617.' "

Also in Strickland v. State, 40 Ala.App. 413, 115 So.2d 273, it is said:

"Evidence of civil settlements adduced by the State is not admissible over objection in criminal trials. Helms v. State, 35 Ala.App. 187, 45 So.2d 170 . . . . A compromise which does not expressly admit guilt is not admissible. Wilson v. State, 246 Ala. 129, 19 So.2d 780. . ."

Under the facts of these cases the above cited decision stated general principles of law correctly. But these are cases in which the party offering the evidence made the first move in that direction. In the case before us the appellant's counsel first went into the matter and opened the door for the admissions of the evidence complained of. Under such circumstances, the prosecuting attorney had a right to show the entire matter. See Underhill's Criminal Evidence, Sec. 399. Also Hall v. State, 19 Ala.App. 229, 96 So. 644.

It is also the contention of the appellant that his requested general affirmative charge should have been given. There was substantial evidence tending to show the guilt of the appellant in this case and a jury question was presented. The Supreme Court of Alabama in Blue v. State, 246 Ala. 73, 19 So.2d 11, said: .

**210**

"But it is equally true that where there is evidence of a substantial nature tending to establish the material issues of the case, then the affirmative charge should be refused. . . ."

The affirmative charge was properly refused.

■ We now come to a consideration of the appellant's claim of error in the overruling of his objection to the question propounded to the prosecuting witness as follows, "If he had not told you that he owned the Fred Astaire Dance Studio in Mobile would you have let him have this $20,000.00 ? "

In the case of Dennis v. State, 16 Ala. App. 115, 75 So. 707, the defendant was charged with false pretense. We here quote from the opinion in that case:

"The court erred in overruling the defendant's objection to the question to the witness Duncan:

" 'Was the making of that statement, shown here in evidence, by Charles Dennis, the reason the Cudahy Packing Company let him have the goods sold him thereafter ?'

"This question called for the conclusion or opinion of the witness with reference to an issue that was for the determination of the jury, and also for an undisclosed reason of another. Brandon v. Progress Distilling Co., 167 Ala. 365, 52 So. 640."

The question in the instant case and the question in the *Dennis* case, supra, call for the same thing—an undisclosed operation of the mind—the reason or intent of the witness for parting with the money on the one hand or with the property on the other. If one is objectionable, the other is also. The trial court erred in that connection. We cannot say it was error without injury.

For the error noted it is ordered and adjudged that the judgment in this cause be reversed and the cause remanded.

The foregoing opinion was prepared by L. S. MOORE, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Reversed and remanded.

PRICE, P. J., and CATES, ALMON and TYSON, JJ., concur.