BUTLER et ux. v. EVENING POST PUB. CO.

SAME v. NEWS & COURIER CO.

(Circuit Court of Appeals, Fourth Circuit. November 8, 1906.)

No. 631.

JURY—PEREMPTORY CHALLENGES—NUMBER WHEN CAUSES ARE CONSOLIDATED FOR TRIAL.

Where separate actions by the same plaintiff are consolidated for trial by order of the court, either on its own motion or on motion of counsel for the plaintiff, in order to avoid waste of time and unnecessary expense, but the causes of action are such that separate verdicts are required, plaintiff and defendants are each entitled to the same number of challenges to jurors as they would be if the cases had been tried separately.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, § 609.]

In Error to the Circuit Court of the United States for the District of South Carolina, at Charleston.

Augustine T. Smythe (Smythe, Lee & Frost and Joline, Larkin & Rathbone, on briefs), for plaintiffs in error.

H. A. M. Smith, for defendant in error News & Courier Co.

Wm. Henry Parker, Jr., for defendant in error Evening Post Pub. Co.

.Before' GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

BOYD, District Judge. On the 8th of March, 1904, the plaintiffs, Frank E. Butler and Annie Butler, his wife, brought a suit in the Circuit Court of the United States for the District of South Carolina against the Evening Post Publishing Company. The plaintiffs are citizens and residents of the state of New Jersey, and the defendant a corporation under the laws of South Carolina with its principal business in the city of Charleston in said state. On the 6th of June, 1904, the plaintiffs filed their complaint and alleged, as their cause of action, the publication in a newspaper called the "Evening Post," published by the defendant, and circulated in the city of Charleston and elsewhere, a certain article which the plaintiffs allege was a libel upon the feme plaintiff; that it was malicious and untruthful and had greatly and permanently injured her in her good name and credit, had brought her into public scandal, infamy, disgrace, etc., and thereupon, for the said publication, the plaintiffs claimed damages in the sum of $10,000. At the same time plaintiffs brought another suit in the said court against the News & Courier Company, a corporation under the laws of South Carolina, with its principal place of business in Charleston, in said state, and in the complaint, filed on the 6th of June, 1904, it was alleged that this defendant had published in the News & Courier, a newspaper published in Charleston, and circulated in said city and state of South Carolina, and also elsewhere, the same article which was set forth as the cause of action against the Evening Post, alleging in the complaint in this case, as in the other, that the publication was malicious, etc., and that the good name of the feme plaintiff had been brought into public scandal, defamed, disgraced, etc. The plaintiffs sought $10,000 as damages for the alleged libelous publication in this suit. The defendants each filed answers in which the publication of the alleged libelous matter was admitted, but denied that the publication was made with malicious intent or with any knowledge or intimation that there was error in the facts stated. The answers of both defendants were substantially the same in another respect; that is to say, that the publication was made bona fide in the due course of business, that it came to each of the papers through reputable news sources, and that when published the defendant was warranted in the belief that it was true. The Evening Post, in its answer, states that its circulation is confined to the city of Charleston, except exchanges, and the News & Courier's answer states that its circulation is confined to the state of South Carolina, except exchanges.

When the cases came on for trial in the Circuit Court, the presiding judge ordered them to be consolidated and tried together. The order, however, was made, as appears of record, upon the motion of plaintiffs' counsel; but it further appears that the counsel was led to make the motion after correspondence with the judge and upon a suggestion that it would facilitate a trial of the causes. The reasons assigned for the order of consolidation by the court were, in substance, that the actions were practically similar, and that, owing to the crowded state of the dockets, numerous cases being pressed for trial, con-

venience and economy of time would be promoted. After the testimony was introduced, the court instructed the jury to return separate verdicts as to each defendant, which was done. In each of the cases the verdict of the jury was in favor of the defendant. The cases are brought here by writ of error sued out by the plaintiffs. There are several exceptions taken by the plaintiffs on the trial which are set out in the record and have been argued both in the briefs filed and orally. We do not deem it necessary, however, to consider any save the following: In the organization of the jury, after the order of consolidation, the plaintiffs insisted that they were entitled to six (6) peremptory challenges, and so likewise did the defendants. The presiding judge held that each of the defendants was entitled to three (3) peremptory challenges or six (6) in all, but that the plaintiffs were entitled to only three (3). To this ruling the plaintiffs duly excepted, and the case is before us to review this decision.

Under the South Carolina practice, which was adhered to in this case, the list of jurors is furnished to the counsel, and each party strikes therefrom the names of jurors challenged to the number allowed. In the organization of the jury in this case, the list of jurors contained twenty-one (21) names, and, under the ruling of the court, the plaintiffs were allowed to strike therefrom three (3) names and the defendants six (6) names, leaving twelve (12) names, which constituted the jury in the trial.

In Mutual Life Insurance Company v. Hillmon, 145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706, one of the questions involved was as to the number of peremptory challenges defendants are entitled to where cases, in order to avoid unnecessary costs and delay in the administration of justice, have been consolidated for trial by order of the court. The Supreme Court, in passing upon this point, held:

"But, although the defendants might lawfully be compelled, at the discretion of the court, to try the cases together, the causes of action remained distinct and required separate verdicts and judgments; and no defendant could be deprived, without its consent, of any right material to its defense, whether by way of challenge to jurors or objection to evidence, to which it would have been entitled if the cases had been tried separately. Section 819 of the Revised Statutes [U. S. Comp. St. 1901, p. 629] provides that in all civil cases 'each party shall be entitled to three peremptory challenges; and, in all cases where there are several defendants or several plaintiffs, the parties on each side shall be deemed a single party for the purposes of challenging under this section.' Under this provision, the defendants sued together upon one cause of action would be entitled to only three peremptory challenges in all. But defendants in different actions cannot be deprived of their several challenges, by order of the court, made for the prompt and convenient administration of justice, that the three cases shall be tried together. The denial of the right to challenge, secured to the defendant by the statute, entitled them to a new trial."

This case, which came up by writ of error from the Circuit Court for the District of Kansas, was subsequently tried again, and upon this trial the court permitted the plaintiff to have six (6) peremptory challenges when the jury was impaneled. To this the defendants excepted, and the case went to the Circuit Court of Appeals for the Eighth Circuit upon an exception, among others, to this ruling. Thayer, Circuit Judge, delivered the opinion of the court, and upon this point it is held:

"It is urged, however, by learned counsel for the defendant, that, as the two actions were consolidated for trial, the plaintiff was only entitled to three peremptory challenges. It is to be observed that when this case was before the Supreme Court, and was under consideration in the case last cited (145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706), that court held that, when actions are consolidated, such an order does not operate to deprive either defendant of the right to challenge as many jurors peremptorily as he would have been entitled to challenge if the cases had been tried separately; and the former judgment in favor of the plaintiff was reversed because each defendant to the consolidated cause was not allowed three peremptory challenges. If this rule is applied to the defendants—that is to say, if consolidated causes are treated separately, so far as the defendants are concerned, for the purpose of preserving to them their respective rights of challenge—we perceive no reason why the same rule should not be applied to the plaintiff so as to entitle her to the same number of challenges which she would have been entitled to had the cases been tried separately."

It may be noted that Circuit Judge Sanborn, who sat in this case with Circuit Judges Caldwell and Thayer, filed a dissenting opinion, but in it he discussed other propositions involved and made no reference to the challenges to jurors. We therefore infer that his views were in accord with the foregoing expression of the other two judges on this question.

As above stated, the order consolidating the two cases under consideration for trial was made upon the request of counsel for plaintiffs, but upon a suggestion that this course would facilitate the trial; and the reasons assigned by the court for the order of consolidation are very similar to those which constituted the bases of consolidation in the case of Insurance Company v. Hillmon, supra. We do not think that this action of the plaintiffs' counsel, under the circumstances, deprived them of their several rights of challenge; for it will be observed that, although the cases were tried together under the order of consolidation, there were, to all intents and purposes, two trials. The presiding judge appreciated this fact, for he instructed the jury to return a verdict in each case. Although the actions were for the publication of the same alleged libel, and the answers of the defendants as to good faith and absence of malice were in harmony, yet the basis of recovery, if had, might differ very materially. By the answers the circulation of the News & Courier is shown to be very much more extensive than that of the Evening Post. This fact would, if proven, establish a different basis of damages. In the one case, malice or knowledge of the falsity of the publication might be shown, and in the other not. Here would be another ground for difference as to liability. If malice was proven to the extent that punitive damages should be given, then the value of the property of defendant or the ability of the defendant to pay would enter into consideration in estimating damages. It is scarcely probable that the defendants, not being connected in any business way, would be conditioned alike, financially. Thus we see that a common verdict could not be rendered, because the causes of action, the line of defense, and the basis of damages, notwithstanding the consolidation, still remained distinct.

It is our conclusion that the decision of the Circuit Court of Appeals for the Eighth Circuit, above quoted, is the law. We hold, therefore, that the Circuit Court, in confining the plaintiff in the case here to

three (3) peremptory challenges, was in error. The judgment is reversed, and the case remanded, to the end that a venire de novo may be had.

Reversed.