## DAVIS, Agent, etc., v. JESSUP.

### SAME v. McCREE (two cases).

(Circuit Court of Appeals, Sixth Circuit. November 14, 1924.)

Nos. 4032-4034.

**1. Appeal and error ⟐1056(2)—Exclusion of testimony held harmless error.**

Exclusion of a question intended to show that the engineer of a train, just before its collision with a standing train ahead, appeared to the witness to be unconscious, if error, *held* without prejudice under the issues, which were as to the cause of the engineer's unconsciousness, and not the fact.

**2. Master and servant ⟐354 — Workmen's Compensation Act held to give administrator option to sue third party for negligence causing death.**

The right given to an "injured employé" by Workmen's Compensation Act (Acts Ind. 1915, c. 106), at his option, to sue a third person for causing his injury, *held* to extend to the administrator of an employé killed through the negligence of a third person.

**3. Jury ⟐136(2)—Common defendant in cases tried together entitled to same number of peremptory challenges as all of the plaintiffs.**

In cases not consolidated, but, because of a common defendant, tried together, the defendant is entitled to the same number of peremptory challenges as all of the plaintiffs, and is not required to designate the case to which each challenge is to apply.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; Paul Jones, Judge.

Action at law by Grace Jessup, administratrix of the estate of Leroy Jessup, deceased, and two actions by Reno McCree against James C. Davis, as Agent, etc. Cases tried together. Judgments for plaintiffs and defendant brings error. Reversed and remanded.

Alex L. Smith, of Toledo, Ohio (J. W. Dohany, of Detroit, Mich., on the brief), for plaintiff in error.

Harold W. Fraser, of Toledo, Ohio (Marshall & Fraser and Percy R. Taylor, all of Toledo, Ohio), for defendants in error.

2 F.(2d)—28

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. The first of these three actions, which were tried together before one jury, and in each of which the plaintiff on verdict recovered a judgment, was brought by defendant in error, as administratrix of the estate of Leroy Jessup, to recover damages for causing Jessup's death; the other two were brought by defendant in error, Reno McCree, one for personal injuries sustained by him, and the other for the loss of services of his wife, due to personal injuries sustained by her. The death and the injuries were charged to have been due to defendant's wanton and willful negligence, resulting in a collision in the state of Indiana in June, 1918, between a troop train and a circus train, both operated by defendant. The details are set forth in two earlier opinions of this court in an action by McCree's wife against the same defendant. See 280 F. 959; 299 F. 142 (writ of error dismissed and certiorari denied by the Supreme Court October 20, 1924, 45 S. Ct. 94, 69 L. Ed. ——). 

We abide by the views therein expressed as to the contract between the circus company and the carrier with reference to exemption from liability to the circus employés and as to liability of the Director General for the wanton negligence of the carrier employes. That the evidence required the court to submit the issue of wanton negligence to the jury need not be elaborated; it suffices to indicate that, while the positive testimony fell short of that in the second McCree trial, it exceeded that which we held sufficient in the first trial. It was, however, also proven that the engineer was in the courtroom during the trial; he was not produced as a witness; the jury could properly consider this failure to call him, in weighing the evidence.

[1] After the fireman had described concretely the position and appearance of the engineer, objection was sustained to the further question, "When you saw the engineer, just before the accident, how did he appear to you?" and to the offer to prove that he would have answered that, when he saw the engineer in the position indicated, he appeared to the witness as being unconscious. While apparent unconsciousness, like apparent insanity (see Conn. Mutual Life Ins. Co. v. Lathrop, 111 U. S. 612, 4 S. Ct. 533, 28 L. Ed. 536), may be testified to by a layman, and while the witness might have been permitted to answer the question, we can find no reversible error in its exclusion; the real issue was not whether the engineer was con-

scious or unconscious at the time, but whether the apparent unconsciousness was apparently that of sleep or of illness. Counsel was careful to avoid putting that question, as he was to avoid calling the engineer to the witness stand. The immateriality of any error seems the clearer, in view of the fact which the record discloses that the fireman had only a momentary glimpse of the engineer before the crash.

[2] In the Jessup Case it is further contended that, while under section 13 of the Workmen's Compensation Act of Indiana (Acts 1915, c. 106)[1] an injured employé has an option to claim compensation or to sue the third person claimed to have caused the injury, in a death case compensation alone is available to the administratrix. The basis for this contention is that while by section 6 of that act the rights and remedies thereby granted an employé exclude all other rights and remedies of himself or his representatives at common law or otherwise for injury or death, the right "against some person other than the employer" is preserved only to the "injured employe." We think it clear, however, that the expression "injured employe" should be construed to cover the administratrix in case of death. While the act was amended in 1919 (Acts 1919, c. 57) to remove any possible doubt as to this construction, the original act, in our judgment, should not for this reason be more narrowly interpreted.

[3] The serious question presented on these records arises from the denial to the defendant of more than three peremptory challenges as against its claim to three for each of the three cases which, though tried together, were not, and at least as to the Jessup Case could not have been, consolidated into a single action. The trial judge held "that in the making of the three peremptory challenges it was not designated in which of these [three] cases the challenge was made, and that it is the same defendant, the same accident, the same question of liability, in each of the three cases."

It is clearly settled that the plaintiff in each of several cases not consolidated, but, because of a common defendant, tried together, is entitled to three peremptory challenges. Mutual Life Insurance Co. v. Hillmon, 145 U. S. 285, 12 S. Ct. 909, 36 L. Ed. 706. We concur in the views expressed by the majority of the court in Betts v. U. S., 132 F. 228, 65 C. C. A. 452 (C. C. A. 1), and a majority of this court agrees with the unanimous opinion in Butler v. Evening Post Publishing Co., 148 F. 821, 78 C. C. A. 511 (C. C. A. 4), certiorari denied 204 U. S. 670, 27 S. Ct. 785, 51 L. Ed. 672, that the single defendant under like circumstances is entitled to the same number of challenges as all of the plaintiffs.

In the opinion of the majority of the court, Connecticut Mutual Life Insurance Co. v. Hillmon, 188 U. S. 208, 23 S. Ct. 294, 47 L. Ed. 446, is not to the contrary. In the statement at page 211 (23 S. Ct. 295), "Conceding that the great weight of authority supports the proposition of defendant," which was that a single plaintiff in two consolidated cases was entitled to but three challenges, the court did not affirm the correctness of the proposition or give its approval thereto; it held—and nothing more was necessary—that in the circumstances the defendant could not in any event have been prejudiced, inasmuch as it had not exhausted its challenges.

An examination of the record and briefs filed in the Supreme Court discloses that the main ground of complaint against the opinion and decision in Butler v. Evening Post Publishing Co., supra, was the alleged failure of the Circuit Court of Appeals for the Fourth Circuit to follow the Hillmon Case, 188 U. S. 208, 23 S. Ct. 294, 47 L. Ed. 446. It is also to be noted that Mr. Justice Holmes, who participated in the decision in the Hillmon Case, concurred with Judge Putnam as against Judge Aldrich's dissent on this very question in the Betts Case, supra.

A majority of the court cannot concur in the view of the trial judge that the single party, although entitled to as many peremptory challenges as the aggregate number to which the opposing parties may be entitled, must designate the case to which each peremptory challenge is to apply, at the risk of having each challenge construed as applying to each case. Simplification, not refinement, should be the aim of procedural rules.

Inasmuch as the evidence on wanton negligence clearly would not have justified the

---

[1] "Whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employé may at his option either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person, but he shall not collect from both; and if compensation is awarded under this act the employer having paid the compensation or having become liable therefor, may collect in his own name or that of the injured employé from the other person in whom legal liability for damages exist, the indemnity paid or payable to the injured employé."

direction of a verdict for plaintiffs, we are constrained to hold the error in respect to the number of challenges so serious as to require a reversal of the judgment in each case and a remanding of the cases for new trials.