# McGowin Lumber & Exp. Co. v. McDonald Lumber Co.

### Claim Suit.

(Decided February 5, 1914.   64 South. 787.)

1. *Sales; Delivery; What Constitutes.*—Where the contract was to deliver a quantity of lumber f. o. b. cars, the collection of part of the lumber in sheds was not a delivery which passed title to the buyer; the full amount not having been collected, and none of it having been placed on the cars.

2. *Same; Jury Question.*—Where the contest was between the landlord who claimed a landlord's lien upon lumber manufactured, and one who made advances, under a contract with the tenant for the purchase of the lumber, the question as to whether the title passed to the purchaser was one for the jury under the evidence in this case.

3. *Landlord and Tenant; Equitable Estoppel; What Constitutes.*— Where the tenant was in the lumber business, and was urged by his landlord to raise money to pay rent by securing from another, who had contracted to buy a quantity of the lumber, an advance upon the lumber already manufactured. the landlord is estopped to deny such others title to the lumber, and to assert his landlord's lien.

4. *Appeal and Error; Review; Directed Verdict.*—In determining the propriety of a directed verdict, on appeal, the evidence offered by the party against whom the verdict is directed must be accepted as true.

[McGowin Lumber & Exp. Co. v. McDonald Lumber Co.]

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

The McDonald Lumber Company sued George B. Cleveland for rent and had attachment levied on certain lumber to which the McGowin Lumber & Export Company filed a claim. From a judgment for plaintiff, claimant appeals. Reversed and remanded.

STEVENS, McCORVEY & DEAN, for appellant. Under the facts it cannot be doubted that the legal title to the lumber had passed to and was in appellant at the time of the levy of the attachment.—*Pilgren v. State,* 71 Ala. 370; *Brandon P. Co. v. Bostwick,* 126 Ala. 252. In any event, a paramount equitable title is just as effective as a full legal title.—§ 6039, Code 1907; *Eldridge v. Grice,* 132 Ala. 669. Under the facts in this case, the disposal of the lumber by Cleveland to appellant freed it from any claim for the rent.—*Weil v. McWhorter,* 94 Ala. 543. The facts in this case present a clear and just estoppel in pais as illustrated by the following authorities.—18 A. & M. Ency. of Law (2d Ed. 341; *Belser v. Youngblood,* 103 Ala. 547; *Beyer & Sons v. Fields,* 134 Ala. 238; 24 Cyc. 1266; *Seavey & Sons v. Godbold,* 54 South. 838; *Campbell, et al. v. Bowen,* 54 N. E. 409; *Randall v. Ditch, et al.,* 99 N. W. 190; *Wright v. Dickey & Co.,* 50 N. W. 206; *May v. McGaughey,* 30 S. W. 417; *Gilliam, et al. v. Smither,* 33 S. W. 984; *Johnson & Son v. Kincaid,* 81 S. W. 536.

GREGORY L. & H. T. SMITH, for appellee. The position of appellant is that of a party who has taken equitable mortgage upon the property of the tenant while located upon these premises, and its rights are those of the mortgagor, and not those of the purchaser in the usual course of business.—*Aderholt v. Bluthenthal,* 95

Ala. 69; *Abrahams v. Nicrosi,* 87 Ala. 176; *Lomax v. LeGrand,* 60 Ala. 544, and cases cited.

SAYRE, J.—Cleveland was engaged in the manufacture of lumber at a plant he had rented from the McDonald lumber Company. The landlord commenced a suit by attachment, claiming a lien under the statute for rent in arrears, and sought to enforce its claim by a levy upon two piles of flooring which had been manufactured and assembled upon the premises accupied by defendant. The McGowin Lumber Company interposed a claim, and at the end of a trial of the right of property the court gave the general charge for plaintiff, whereupon claimant appealed.

The first question presented is whether, apart from the question of waiver or estoppel to be later considered, defendant had so disposed of the property to appellant as to defeat plaintiff's right to a lien. It is a circumstance to be considered that the lumber had not been removed from the premises, but we do not think that circumstances conclusive. It was one of the intendments of the contract between plaintiff and defendant, lessor and lessee, that the latter might dispose of the product of the plant in the usual course of trade free from any lien the former might claim as landlord under the statute, and that the purchaser might remove his purchase. Otherwise the lessee could hardly have found buyers or the means of carrying on his business. We are not so well versed in all the usages of the lumber trade as to be able to say, as matter of law and contrary to appellant's contention, that a sale of sawn lumber under the circumstances shown was not in the usual course of the trade. There was, however, a condition of the original contract of sale between defendant and claimant which is conclusive of the proposition that

title to the lumber had not passed to claimant under that contract. The contract did not relate to any particular lumber, but stipulated for the sale and purchase, at an agreed price per thousand feet, of lumber of a certain grade and character not yet manufactured, and which, when manufactured, was to be delivered free on board cars at Mobile. Cleveland had set apart the lumber in suit to fill his contract with claimant, and had collected it in two piles under his planer shed, but had not yet collected enough for that purpose, nor had any part of it been put upon cars. Clearly then there had been no delivery according to the terms of the original contract.

Appellant contends nevertheless that what afterwards passed between the parties to the original contract of sale was effectual to pass title to the lumber in controversy. It says, in short, that the parties to that contract entered into a new agreement. This is what occurred: Cleveland, needing money with which to pay rent, on two occasions made to claimant a statement of the amount and quality of the lumber then collected, and got from claimant sums equal to the full contract price per thousand feet of that much lumber, and claimant then had it insured against loss by fire. On the first occasion Cleveland gave claimant evidence in writing of the transaction as follows:

"Mobile, Alabama, July 1st, 1910.

"Delivered by George B. Cleveland lumber as below to planer sheds McDonald mill for account of McGowin Lumber & Export Company: [here follows a description by tally of two lots of lumber, one containing 14,419 feet and the other 11,542 feet]. Received from McGowin Lumber & Export Company $431.12 as an advance on above lumber July 1st, 1910. Geo. B. Cleveland."

This was shown to have occurred on July 2d, and the amount receipted for included 2 per cent. discount which, under the original contract, claimant was to have for cash on delivery.

On the second occasion Cleveland rendered to claimant a statement as follows:

"Sept. 9th, 1910.

McGowin Lbr. Co. to Geo. B. Cleveland, Dr.

| | | | |
|---|---|---|---|
| 27,916 ft. 2½ "B. Flg. 1800 | $501 70 | | |
| 19,000 " " No. 1 C. Flg. 14.00 | 266 00 | $767 70 | |
| July 2. By cash | $412 70 | | |
| Sept. 9. By 60 da. acceptance | 355 00 | $767 70 | |

"Above stock held at McDonald mill for shipment.

Geo. B. Cleveland."

On our first consideration of this case, laying, as the court now thinks, too much stress upon the fact that the parties to these transactions referred to the first payment as an advance, and upon the statement that the lumber was held at the mill for shipment, meaning, as we then said, for shipment under the terms of the original contract, the writer expressed for the court the opinion that, as matter of law on the facts stated, title to the lumber the subject of this suit did not pass to the claimant. But the parties to that contract were competent to modify it by subsequent agreement as they pleased, and now the court, the writer concurring, is of opinion that the question whether the claimant accepted the lumber under the planer sheds as a pro tanto fulfillment of the contract, and so whether the title passed, was a question of fact, a question as to the intention of the parties to the transaction to be determined by the jury on consideration of all the surroundings. The contract as to this lumber was complete if the buyer and seller so agreed, and the title passed if that was the mutual understanding of the parties, although it may have

[McGowin Lumber & Exp. Co. v. McDonald Lumber Co.]

remained for the seller to place the lumber upon cars.—
*Brandon Printing Co. v. Bostick,* 126 Ala. 252, 28 South.
705; *Cook & Laurie v. Bell,* 177 Ala. 618, 59 South. 273.
Appellee with much reason has evolved from the situa-
tion of the parties and the circumstances of the trans-
actions under review some considerations, in addition
to these which were allowed to control our first opinion,
going to show that appellant's advance of money was a
mere loan on the security of lumber to be delivered in
the future according to the terms of the original con-
tract, while appellant, with reason also, has pointed to
the use of the word "delivered," the form of the state-
ment delivered to it at the time of the second transac-
tion, and to some other countervailing considerations,
arising out of the situation of the parties, which might
lead a jury to conclude that the parties to these trans-
actions by a partial novation of the original contract
intended and agreed that the title to the lumber as it
was at the time of these payments should pass from
Cleveland to appellant. Without assuming now to pass
upon the evidential weight of the circumstances urged
pro and con, the discussion has sufficed to bring our
minds to the conclusion that the issues as to a complet-
ed sale vel non depended in material part upon the
weight and effect to be accorded to conflicting infer-
ences, and was a proper one for submission to the jury.

Our conclusion that the question of sale or loan was
for the jury makes proper some modification of our for-
mer opinion on the subject of the alleged estoppel
against appellee to insist on its lien. There is no pre-
tense that appellee did anything at the time of the first
payment by appellant to Cleveland which could, on any
principle, work an estoppel against appellee. Appel-
lant and Cleveland entered into that transaction with-
out the knowledge or consent of appellee company. So

far as concerns any right appellant acquired by that transaction, if it was a loan or a sale not in the usual and customary course of the lumber trade, it is plain that, as against appellee, appellant was in no better case than an equitable mortgagee whose right was subordinate to appellee's lien as landlord. But when we come to the transaction of September 9th, the occasion of the second payment, another element of fact must be taken into consideration. Cleveland testified to what occurred on that occasion in this language: "We [meaning McDonald, who was acting for appellee and himself] were then in the planer shed where the lumber was. McDonald was after me to raise the rent. I told him that the only thing that I could raise on—that I could get an advance on at that time—was that lumber. Then we went through and estimated the piles of lumber. McDonald counted the bundles, and I set them down. Then we added up and figured what the total of it was, where we could get at it, entered a value on what there was; then I went down to Buck of the McGowin Lumber & Export Company and gave him a statement and went over the value to see if we could average a settlement on that value, and I told him I had to have the rent." This witness further testified that McDonald said that, "I [the witness] was going to make McGowin try to get the money." He also testified, in effect, as the jury might have construed his testimony, that McDonald knew of his contract with the McGowin Company in a general way, and knew that he, Cleveland, was going to the McGowin Company to raise money with which to pay the rent due to the McDonald Company. All this was flatly denied by McDonald, but for the purposes of this appeal it must be considered that the jury, if the matter had been submitted to them, might have found the facts according to Cleveland's

[Nichols v. Smith.]

testimony and the reasonable inferences to be drawn therefrom. In this view of the case the conduct of McDonald on the last occasion constituted an authority to Cleveland to sell or pledge the lumber to the McGowin Company in order to raise rent money which the McDonald Company was thereafter estopped to deny.— 24 Cyc. 1266-1267; 18 Am. & Eng. Ency. of Law, 341.

On the foregoing consideration the court is now of the opinion that the general charge in favor of appellee was error, and that a reversal should be ordered.

Reversed and remanded.

ANDERSON, C. J.; and MCCLELLAN AND SOMERVILLE, JJ., concur.