139 So. 297

## VEST v. NIGHT COMMANDER LIGHTING CO.

### 8 Div. 359.

Supreme Court of Alabama.

Jan. 21, 1932.

214

Lynne & Lynne, of Decatur, for petitioner.

Melvin Hutson, of Decatur, for respondent.

### BROWN, J.

In support of his application for the writ of certiorari to review the opinion of the Court of Appeals, the petitioner urges three propositions.

The first is that the transaction between the plaintiff and the defendant, culminating in the execution of the note sued on, involved doing business by the plaintiff, a foreign corporation, without qualifying to do business in Alabama, and the note is void as against public policy. The predicate for this contention is that the contract between the plaintiff and the defendant obligated the plaintiff to not only furnish the light generator and its equipment necessary to installation, but was to install the plant in the defendant's residence.

The fault in this contention, in so far as it affects the petitioner's right of review, is that the Court of Appeals has found as of fact that the contract for the sale of the generator and its equipment, and the contract for its installation, were two separate and distinct transactions, and between different parties, the first between the plaintiff and the defendant for the sale of the generator and its equip-

ment to defendant and its delivery to the railroad company f. o. b. Jackson, Mich., and the contract for the installation was between one Treadwell and defendant; and therefore the transaction between the plaintiff and defendant was a transaction of interstate commerce, in no way affected by the public policy of this state.

Under the repeated rulings here, this involved a finding of fact by the Court of Appeals, and the application of the law to such fact is not reviewable by certiorari. Postal Tel.-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

The second point urged is that the trial court erred in adverse rulings to petitioner in the admission of evidence. The only question treated by the opinion of the Court of Appeals in this respect is stated by the court as follows: "Appellant insists that the court committed error in sustaining plaintiff's objection to the question: 'Now when this plant, outfit, was delivered there, the pipe they sent you, did the plaintiff cut that and fit it in the ground to your house and in your house?' * * * As to whether it was done by plaintiff was a question of fact and the question called for a conclusion on this point."

Some of the pleas setting up the defense above indicated, allege "that the lighting plant for which the note was given was then in the State of Alabama, where, under the contract of the parties the lighting plant for which the note was given was to be assembled and installed in Falkville, in the State of Alabama, by payee in said note," etc.

Assuming that there was evidence tending to support these averments, yet in view of the statement of facts in the opinion, that the contract for the installation of the plant was with Treadwell, and the work of installation was performed under that contract, the question to which the objection was sustained called for a conclusion which it was the province of the jury to draw, and the objection was well sustained. Brandon v. Progress Distilling Co., 167 Ala. 365, 52 So. 640.

The next and last question argued is in respect to the ruling on the demurrers to defendant's pleas 9 and 10. Plea 9, which adopts all of plea 3, in its first part, undertakes to set up a failure of consideration as to the plaintiff's entire claim, and the last part sets up recoupment of damages, resulting from expense and time in an effort "to employ the same (the equipment) for the purpose of generating a light," and the averment of the plea is that "the generator was not a thoroughly good galvanized steel generator * * * but was insufficient and inadequate for the purpose for which it was sold to defendant by plaintiff * * * that the generator was wholly worthless and the defend-

ant was unable to use the same with any success or satisfaction."

As a plea of failure of consideration it shows only a partial failure of consideration, and was bad. Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567.

As a plea of recoupment it was bad in failing to aver that the apparatus was designed or intended for the purpose of making a light, or was sold to defendant for such purpose.

Plea 10 was a plea of total failure of consideration, and shows only a partial failure of consideration. Berlin Machine Works v. Ewart Lumber Co., supra.

The judgment here is that the writ of certiorari should be denied. It is so ordered.

Writ denied.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.