199 So. 15

## SLOSS–SHEFFIELD STEEL & IRON CO. v. WILLINGHAM.

### 6 Div. 485.

Court of Appeals of Alabama.,
March 26, 1940.

Rehearing Denied May 21, 1940.

Reversed on Mandate Dec. 17, 1940.

---

[1] Ante, p. 349.

Kingman C. Shelburne and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Clifford Emond, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

Plaintiff (appellee) brought his suit against appellant for damages and injuries claimed by him to have been incurred by reason of the collision between a motor truck being driven by him, and a train of the defendant at a public highway crossing on 25th Street, North, in the City of Birmingham, Alabama. Verdict of the jury and judgment thereon was had in favor of plaintiff in the sum of $900, and from the judgment the defendant brings this appeal.

The complaint, as amended, contained only one count, which, after amendment, reads as follows:

"Plaintiff claims of the defendant the sum of Three Thousand and No/100 Dollars ($3,000.00) as damages for that heretofore, on to-wit: The 9th day of February, 1937, the defendant was operating a railroad train over a public highway at or near 24th Alley and 25th Street, North, in the City of Birmingham, Jefferson County, Alabama; that on, to-wit: said date, plaintiff was riding in a motor truck along and upon a public highway in said county and state, to-wit: 25th Street and 24th Alley, North, where railroad tracks of the defendant were then and there on grade with said highway, when said motor truck in which plaintiff was riding as aforesaid, was run against by said railroad train, and as a proximate consequence thereof plaintiff was injured and damaged as follows:

"His head, arms, limbs, back, sides, and other parts of his body were cut, bruised, lacerated, sprained, strained and injured; he was internally injured and permanently injured; plaintiff was made sick and sore and ill for a long period of time, and was caused to suffer great physical pain and mental anguish; plaintiff's nervous system was greatly shocked and impaired and permanently shocked and impaired, plaintiff was caused to lose much time from his employment, and was put to expense for medicine, medical attention and care in and about his efforts to heal and cure his said wounds and injuries, and plaintiff avers that all of his said injuries and damages were caused as a proximate result of the negligence of the defendant in and about the operation of said railroad train at said time and place."

In the statement of facts contained in appellant's brief it is said that the railroad track of the defendant was a single track and that it diagonally crosses 25th Street, North, at 24th Alley in said city of Birmingham, Jefferson County, Alabama.

The appellant has noted 24 assignments of error upon the record in this case numbered from 1 to 24, consecutively, and insist upon assignments of error numbered 1, 2, 3, 4, 5, 7, 12, 13, 15, 19, 21, 22, and 24, while assignments of error 6, 8, 9, 10, 11, 14, 16, 17, 18, 20 and 23 each, respectively, are waived by the appellant under the pro-visions of rule 10 of Supreme Court Practice, which is of force and effect in this court.

To the above and foregoing complaint, as amended, the defendant filed demurrers. These demurrers are set out in the report of this case.

1. In the due and orderly consideration of the various assignments of error insisted upon by the appellant in and before this court, it is deemed desirable and proper to first consider assignment of error No. 3 under which appellant insists that the trial court committed reversible error in overruling the demurrer, first filed and later amended, by defendant in the court below to plaintiff's complaint, as the same was amended.

It is the opinion and judgment of this court that said demurrers were not well taken and that the trial court did not err in overruling the same. Standard Oil Company v. Douglass, 18 Ala.App. 625, 93 So. 286; Louisville & N. R. Co. v. Duncan, 16 Ala.App. 520, 79 So. 513; Southern Ry. Co. v. Crenshaw, 136 Ala. 573, 34 So. 913; Central of Ga. Ry. Co. v. Chambers, 183 Ala. 155, 62 So. 724; Southern Ry. Co. v. Crawford, 164 Ala. 178, 51 So. 340; Woodward Iron Co. v. Sheehan, 166 Ala. 429, 52 So. 24; Birmingham Stove & Range Co. v. Banderford, 217 Ala. 342, 116 So. 334; City of Birmingham v. Scott, 217 Ala. 615, 117 So. 65.

2. At the conclusion of the trial court's general oral charge, and before the jury retired to consider the case, the defendant, in writing, requested the trial court to give the general affirmative charge in its behalf and this the trial court refused to do. This action of the trial court is assigned as error by appellant under assignment of error No. 1.

This court has given extended and careful consideration to all of the testimony introduced upon the trial in the court below, both that for the plaintiff and that for the defendant. It is the opinion and judgment of this court that plaintiff's evidence tended to sustain the allegations of his complaint and that the evidence for the defendant tended to sustain the allegations of its pleas. The testimony of the plaintiff and of the defendant was in sharp conflict and in the opinion and judgment of this court said testimony not only justified, but demanded, that the issues raised by the

pleadings be determined by the verdict of the jury.

■ A trial court is justified in directing a verdict only when the testimony in the case will not support any other verdict. The rule in this state, in a civil case, is that if there is a scintilla of evidence, or any reasonable inference therefrom, unfavorable to the party requesting the general affirmative charge, it should be refused. Among the many cases in support of the rule are City of Montgomery v. Supple, 16 Ala.App. 565, 80 So. 139; Messer v. Dupuy-Burke Realty Co., 226 Ala. 438, 147 So. 193; Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334.

It must be remembered that upon cross-examination the defendant's witness, Mr. C. L. Brock, the fireman on the engine, testified as follows: "We were near the middle of the block between 24th and 25th Streets when I seen him half a block away from the crossing, that is right; when I first saw that truck, in my judgment it was running around thirty or thirty-five miles an hour. I wouldn't say whether he was going at the same speed when I saw him half a block away; I couldn't give you any judgment about that. I could not tell you whether the truck seemed to be slowing down or getting faster as it came on. I did not continue to watch it after I saw it half a block away when we were approaching the crossing; after I seen we were going to get across before he got there, I did not. We were going about eight miles an hour. The truck was going 30 or 35 miles an hour when I first seen him, and I don't think he ever changed his speed at all. When I saw him half a block away, we were nearer 25th Street than 24th; we were somewhere near that little stream across the track, is my best judgment. That is about twenty foot from 25th Street. We didn't stop and we didn't signal for any stop at that crossing. This truck was going 30 or 35 miles an hour as it approached that crossing. That little bridge is the place when I told him to come on back, told him the way was clear."

■ A consideration of the above-quoted testimony of the defendant, along with all of the testimony offered by the plaintiff, in the opinion and judgment of this court, rendered the question of negligence vel non one for the jury in this case because negligence is a question of law only when all reasonable men must draw the same conclusion from the facts testified to.

■ 3. The trial court, in the court's general oral charge to the jury, among other things, charged the jury as follows: "Now, gentlemen, another section of the code says: 'Every railroad company must erect at all points on its road crossing any public road, and at such elevation to admit of free passage of vehicles of every kind, a sign with large and distinct letters printed thereon to give notice of the proximity of the railroad and warn persons of the necessity of looking out for the cars.'"

The giving of the above-quoted excerpt of the trial court's general oral charge is assigned as error by the appellant in assignment of error No. 2 and the propositions of law announced are to the effect that a charge of negligence in the operation of a train is not supported by proof of the absence of a railroad sign at the crossing where the collision or accident happened, nor by proof of a defective condition of the roadway.

This court is in full accord with the propositions of law announced by counsel for the appellant under these assignments of error, but in the opinion and judgment of this court neither of the propositions of law announced, nor the cases cited in support thereof, have any application to the case now under consideration.

The negligence charged was the negligent operation of the defendant's train. In response to this charge of negligence the defendant interposed his pleas of contributory negligence in which he alleged, among other things, that the plaintiff before driving the automobile truck up to, on, or across defendant's railroad track, negligently failed to stop, look and listen within the space that would have been sufficient to enable him to stop said automobile truck before going on the railroad track in the event he discovered said train approaching, and thereby proximately contributed to the injury complained of. In other words, most of the defendant's special pleas filed in the court below were founded upon the asserted negligent failure of the plaintiff to observe the "Stop, Look and Listen" doctrine, which, where applicable, is of force and effect in this state.

The undisputed testimony shows that there was no stop sign or railroad crossing sign at the designated intersection of 25th Street by the defendant's railroad track. The plaintiff testified that he was unfamil-

iar with said street and that he did not know that defendant's railroad crossed said street at the point where the collision occurred. No train of cars stood over said street, on defendant's railroad track, as the plaintiff approached this intersection. He testified that he did not see any train and did not hear any train, nor any warning signal therefrom, as he approached this crossing, and thereby claimed, in the absence of a sign board or other evidence of the crossing of said 25th Street by defendant's railroad track, he was under no duty to stop, look and listen. The existence of a railroad sign at the crossing would in all probability have precluded the plaintiff from claiming a lack of knowledge as to the existence of said railroad crossing at that particular point on 25th Street, and in the opinion and judgment of this court it was to prevent, among other things, a claim of want of knowledge of the existence of the crossing of a public highway by a railroad that the Legislature of this state enacted a law requiring the railroad company to erect a sign with large and distinct letters placed thereon to give notice of the proximity of the railroad and to warn persons of the necessity of looking out for the cars as is provided under Section 9954 of the Code of Alabama, 1923.

The noted excerpts from the court's oral charge are not with reference to the charge of negligence of the defendant in the operation of its train but relate entirely to the inquiry as to whether or not the plaintiff under the facts and circumstances testified to by him was guilty of contributory negligence in failing to stop, look and listen, as averred in the various pleas of the defendant.

■ 4. The trial court in the court's general oral charge to the jury charged the jury orally as follows:

"(A) Now, the court holds in this case that if there was no sign there indicating that there was a railroad crossing there that if you find from the evidence in this case that this plaintiff Willingham did not in fact know that there was a track there, and could not in the exercise of reasonable care, driving along that street there at that time that he could not have ascertained that there was a railroad track there and then— did not, as a matter of fact did not know the track was there, then there was no duty on him to stop, look and listen, provided he did not know there was a railroad track

there, and did not see the train approaching.

"(B) A railroad company is liable for all damages to persons, or to stock or other property injured from the failure to comply with the requirement of the three preceding sections, or any negligence on the part of such company, or its agents, and when any person or stock is killed or injured or other property destroyed or damaged by a locomotive or cars of any railroad, the burden of proof in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents."

The defendant excepted to the above portions A and B of the trial court's general oral charge to the jury and objected to the same and the trial court overruled said objection and exception, and the giving of said portion of said charge No. A. is assigned as error in appellant's fourth assignment of error, while the giving of said portion of the court's general oral charge No. B. is assigned as error in appellant's fifth assignment of error.

What was hereinabove said with respect to that portion of the trial court's oral charge, involved under appellant's second assignment of error, applies with full force and effect to assignments of error by appellant numbered 4 and 5.

■ In support of assignments of error numbered 4 and 5, counsel for appellant assert in brief and argument that: "A person driving an automobile along a road (public highway) which crosses a railroad track is chargeable with knowledge of the presence of a railroad track, and is under the duty to look out for approaching trains upon a railroad track whether he knows that a track is at that particular point or not."

With the above pronouncement this court does not agree. It entirely eliminates the legal principle that, in the absence of knowledge to the contrary, a person is authorized to act upon the reasonable appearance of things.

In the case of Seaboard Airline Railway v. Roy, 14 Ala.App. 202, 69 So. 233, 234, this court after noting in the opinion (Brown, J.) that the street where it was crossed by the defendant's tracks was paved, and that the tracks were so set in the pavement that they were not discernible to ordinary observation until the traveler along the street was right upon or very

near to said track, and that while plaintiff's driver had crossed the track before the injury he did not realize that he was approaching the track until the car collided with his team; that it was not questioned that the injury to the animal occurred at a public street crossing where the plaintiff's agent had a legal right to cross the tracks of the defendant. The opinion further shows that the negligence declared on in the counts of the complaint on which the case was submitted to the jury was: General negligence in the operation of the train; negligence on the part of the engineer in failing to give the statutory signal of the approach of the train, and also: "Failing to maintain 'safety gates,' as required by city ordinance." The opinion further recites that to plaintiff's charges of negligence the defendant pleaded the general issue and contributory negligence on the part of the driver in that he failed to stop, look and listen before going upon the track. This court held, among other things, in said case that, "The failure to maintain gates at this crossing, as required by ordinance, was negligence per se. Watts v. Montgomery Traction Company, 175 Ala. [102], 105, 57 So. 471. But whether this negligence proximately caused the injury was a question for the jury. Gothard v. Alabama G. S. R. R. Co., 67 Ala. 114."

This court has examined with interest the apparently excellent photograph of 25th Street, looking northward as showing the locus quo of the collision, which photograph is set out in the bill of exceptions, and after such examination this court is unable to locate the point on said 25th Street where it is crossed by said defendant's railroad track, and this we assume is due to the fact, as testified to, that the railroad tract is imbedded in the concrete, or other material with which said 25th Street is paved. This being true, this court can readily understand why plaintiff did not see said railroad track in the illumination furnished by the headlight on the motor truck as he approached said crossing, and why he could not reasonably determine when he was in dangerous proximity thereto.

The appellant insists that the negligence complained of by the plaintiff, in the case at bar, was in regard to the *operation* of a train and not the *lack of any railroad sign at the crossing*.

With respect to this it is to be noted that while plaintiff's complaint is based upon the alleged negligent operation of defend-

ant's train, the defendant replied thereto by pleading contributory negligence on the part of the plaintiff in that defendant alleges that plaintiff negligently failed to stop, look and listen.

With respect to this statute under consideration the defendant says: "This statute provides that every railroad company must erect at a public crossing a sign to give notice of the proximity of the railroad and to warn persons of the necessity of looking out for the crossing."

If the plaintiff did not know that the crossing existed at the point where the collision occurred, and had no consciousness of that fact, as pointed out in the case of Seaboard Airline Railway v. Roy, supra, and there was no sign board at the crossing to give him notice of the proximity of the railroad and to warn him of the necessity of looking out for the crossing and he saw no train and heard no signal therefrom, then if under these circumstances plaintiff failed to stop, look and listen can it, with logical reason or common sense, be said that he was guilty of contributory negligence in coming into dangerous proximity to, or in attempting to cross over, said railroad track without first stopping, looking and listening? We think not.

The trial court expressly charged the jury that if they should find from the evidence in the case that the plaintiff *did know* that there was a railroad track there, and that he did see that the train was approaching on that track, then it was the duty of the plaintiff to stop, look and listen before crossing the railroad track, and that it was not only his duty to stop, look and listen, to determine as to the nearness of the approaching train, but that it was his duty to stop at such place as that he could be safely advised and warned as to the approach of the train and to determine, as a reasonably prudent man, whether or not it was safe for him to cross the track and that it was his duty under such circumstances to stop, at such a place, as that sufficient space would intervene between the point of stopping, and looking and listening, and the railroad track, so that no harm or danger could be inflicted upon him between the time he did stop, look and listen and the time he started across the track.

In support of the argument with respect to the matter now under consideration appellant cites the cases of Southern R. Co. v. Miller, 226 Ala. 366, 147 So. 149; and

Roberts v. Louisville & N. Ry. Co., 237 Ala. 267, 186 So. 457.

In the Miller case the opinion begins with the declaration that [226 Ala. 366, 147 So. 150]: "Plaintiff, a resident of the neighborhood and *entirely* familiar with the crossing, in disregard of the doctrine of 'stop, look and listen,' ran his Buick car, at an estimated speed of ten or fifteen miles per hour, into the side of defendant's engine tank," etc.

In the Roberts case, supra, an automobile was being driven along a street, unpaved, which passed through the railroad yards where some nine or ten tracks ran parallel, the driver of the automobile was then approaching a grade crossing of the main track of the L. & N. Railroad, across Elmira Street, in the City of Mobile. It appears from the opinion that as the driver of the automobile approached this crossing a moving locomotive was being operated along said L. & N. Railroad track and that the *headlight of the engine was casting a sheen across the street* before said locomotive reached the crossing. The said locomotive had entered the crossing and passed more than thirty feet beyond the line of travel on Elmira Street when said automobile was driven into the side of the locomotive near to and in front of the cab, some 34 feet back from the nose of the pilot. The driver of the automobile knew he was crossing this series of railroad tracks, and of course the illumination of the grade crossing on Elmira Street by the headlight of the engine was a warning to him that there was a train on that track. He made no effort to stop, look and listen. The negligence of the driver of the automobile was conceded in that case.

The appellant also insists that the railroad track in the case at bar was straight for a city block on each side of the crossing and that there was no obstruction to plaintiff's view of defendant's train and cites the case of Peters v. Southern Ry. Co., 135 Ala. 533, 33 So. 332, 334, as being applicable to the situation as it existed immediately preceding the collision in the case at bar and quotes from the Peters case as follows: "When facts are admitted which conclusively establish another fact, the mere denial by a witness of the existence of the fact so established does not and should not create that material conflict in evidence which would require a submission of the issue to the jury."

Under the facts in the Peters case the quoted declaration by the court was imminently correct. In that case the injury occurred about 1 o'clock in the afternoon. Plaintiff was walking along a private foot path that led to and across defendant's railroad track and he testified that when he came to the crossing he stopped, looked and listened, and that as he did so a freight train passed and cleared the way by one or two car lengths, and that he then proceeded to within eight or ten inches of the rails of the defendant's track, where he again stopped, looked, and listened, looking first to the east up the track and then to the west down the track, and that he neither saw nor heard the approaching train; that he then proceeded to cross the track and that when he was midway between the rails his companion hallooed to him to look out and that he then looked and saw a train approaching from the east and going west, and that it was then within 25 feet of him; that he turned to go back and cleared the rails but was struck by the head block of the engine. The undisputed facts showed that from where plaintiff last stopped to look and listen in the direction from which the train was coming, there was an unobstructed view of some 260 feet. Under these circumstances our Supreme Court declared that the mere denial of the witness that he did not see or hear the approaching train did not create a material conflict in the evidence, which tended to show that he was guilty of contributory negligence.

In the case at bar plaintiff was driving along a public paved street in a populous city at night. He testified that he did not see the approach of the train and plaintiff's evidence tended to show that there were no lights on the train, that the whistle was not blown, and the bell was not rung.

This court is not unmindful of the duty imposed by law on persons operating motor vehicles along the public streets and highways, over which they travel in this state, with respect to other vehicles, travelers, and animals rightfully traveling said streets and highways, but is cognizant of that duty and is of the opinion that persons operating motor vehicles along and over the streets of a city have other hazards to guard against in addition to those from approaching trains with reference to which they are required to stop, look and listen at highway crossings, and while this court cannot and does not condone or excuse the

disregard of the stop, look and listen principle of the law of this state whenever, wherever and to whoever applicable, this court is of the opinion that said doctrine cannot be made to apply to one driving a motor vehicle along and over a public paved street of a populous city, who, without any knowledge of its existence, approaches the point where such street is intersected by a railroad track, the rails of which are flush with the pavement and where there is no sign board or other visible evidence to mark its location, so as to make such person guilty of contributory negligence if he attempts to pass over said crossing without first stopping, looking and listening for a train which he had not seen or heard and which carried no lights nor gave any signals of warning of its approach.

Those cases in which the highway crossing was already occupied by a train, locomotive, railroad cars, or car, standing thereon or running thereover, as the crossing was being approached by the traveler along the highway, are in the opinion of this court easily to be distinguished from the case at bar because in those cases the actual occupancy of the crossing by the train, locomotive, railroad cars, or car, was not only notice and warning of the presence of the obstruction in the highway, but was also notice and warning that at that particular point said highway was intersected by a railroad track.

In the case at bar, the plaintiff, according to all of his evidence, was traveling the highway, without knowledge of the existence of the railway crossing, and when he reached a point so near the railroad track across said highway that he could not stop before reaching or crossing it, defendant's train, which he had not seen or heard and which had given no warning whatever of its approach, backed suddenly into the crossing, forcing a collision between said train and said motor vehicle.

These facts and circumstances differentiate the case at bar from all the cases cited by appellant with respect to the question under consideration, and render those cases inapplicable to the case at bar.

The defendant requested the trial court to give the following written charge, which was given by said court, viz: "(a) The court charges the jury that if you are reasonably satisfied by the evidence that the driver of the truck knew of the crossing and failed to stop, look and listen before entering upon or attempting to cross the defendant's railroad track and that had he, by stopping, looking and listening or by stopping, looking or listening, he would have discovered the approach of defendant's train in time to have avoided the collision, then plaintiff was guilty of contributory negligence whether there was a railroad crossing stop sign at the crossing or not.".

In the opinion and judgment of this court said written charge taken in connection with the noted portion of the court's general oral charge upon the same question correctly states the law applicable to the duty imposed by law upon a traveler along a public highway to stop, look and listen for an approaching train.

The trial court did not err in giving those portions of the general oral charge to the jury presented for our consideration under appellant's assignments of error Nos. 4 and 5.

5. The report of the case contains the following special written charges which were refused to the defendant in the court below, viz: No. "(c)" set out in the record at page 36; No. 62, set out in the record on page 39; No. 61, set out in the record on page 40; No. 69, set out in the record at page 42; No. 21, set out in the record on page 44; No. 13, set out in the record on page 45; and No. 14, set out in the record at page 46.

The refusal of the trial court to give the above charge numbered "(c)" is assigned by appellant as error under assignment of error No. 7.

The refusal of the trial court to give charge No. 62 is assigned by the appellant as error under assignment of error No. 13.

The refusal of the trial court to give charge No. 61 is assigned by appellant as error under assignment of error No. 13.

The refusal of the trial court to give written charge No. 69 is assigned by the appellant as error under assignment of error No. 15.

The refusal of the trial court to give written charge No. 21 is assigned as error by the appellant under assignment of error No. 19.

The refusal of the trial court to give written charge No. 13 is assigned as error by appellant under assignment of error No. 21.

The refusal of the trial court to give written charge No. 14 is assigned by the appel-

lant as error under assignment of error No. 22.

■ The trial court did not err in refusing to give defendant's written charge "(c)" for the reasons, first, said charge ignores the claim of want of knowledge by plaintiff, of the existence of the railroad crossing at the time and place of the collision, and second, the duty of plaintiff to stop, look and listen was fully and correctly covered by defendant's written charge "(a)", hereinabove set out, and given at the request of the defendant, when taken along with the court's general oral charge covering the same subject matter.

■ The trial court did not err in refusing to give defendant's written charge No. 62. Said charge is predicated upon the condition that a person desires to cross a railroad track at a public crossing, and *"sees a train approaching,"* which condition does not appear to have been sufficiently established by the evidence in the case, so that said charge when considered in the light of the evidence assumes as true a fact as to which there was testimony which afforded grounds for the inference of its untruth. Said charge was also argumentative and misleading.

■ The trial court did not err in refusing to give charges Nos. 61, 69, 21, 13, and 14 for the reason above specified with reference to charge "(c)", and further, charge No. 21 is confused and misleading for that for aught that appears from said charge the operatives of the train, though knowing that no signals, or signal, of warning had been given by them, or any of them, of the approach of the train, had the right to assume that an adult traveler would not go upon or over a railroad track which crossed the street when in fact the traveler was not conscious of the existence of the crossing.

■ A requested written charge which assumes as true any matters, or matter, to which there is testimony that affords grounds for the inference of their untruth, should not be given, nor should a special written charge assume as true a disputed fact. Bradley v. Powers, 214 Ala. 122, 106 So. 799; Baker v. Eastis, 215 Ala. 402, 110 So. 705.

The defendant in the court below filed a motion for a new trial alleging 89 separate and several grounds whereby he claimed that the judgment of the lower court should be set aside and a new trial be granted. This motion was overruled and denied by the trial court, which action of the trial court appellant assigns as error under assignment of error No. 24.

In addition to the alleged errors hereinabove considered the appellant now insists, with reference to the refusal of the trial court to grant a new trial, that the verdict of the jury upon the trial of the case in the court below was contrary to the overwhelming weight of the testimony offered upon the trial of the case in the court below.

■ In the case of Cobb v. Malone et als., 92 Ala. 630, 9 So. 738, 740, cited by the appellant, the following rule was declared by our Supreme Court: "The decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

This court has given serious and extended consideration to the evidence in this case. Not only is all of the testimony fully set out in the bill of exceptions which is incorporated in the record, but that testimony is voluminously and exhaustively discussed and argued in both the brief for the appellant and the brief for the appellee.

In the case at bar the controverted question of fact was whether or not the plaintiff was guilty of contributory negligence as alleged in the defendant's special pleas setting up that defense. As to this, the evidence was in sharp conflict. Its weight and credibility were matters for the consideration of the jury and after a consideration thereof, under a reasonable and correct construction of the law, as ably charged to them by the trial court, the jury returned a verdict in favor of the plaintiff, assessing his damages in the sum of $900.

The presiding judge who had full opportunity to observe the witnesses, their deportment and demeanor, the exhibition or not of bias and interest, was satisfied with the verdict of the jury as being sustained by the evidence, and pronounced the judgment of the trial court thereon, and after due consideration refused to set aside that verdict and judgment and grant a new trial.

Under the rule announced in the Cobb case, supra, this court is of the opinion that the trial court should not be put in er-

ror for overruling defendant's motion for a new trial.

After an attentive consideration of all questions presented, and insisted upon by the appellant upon this appeal, it is our opinion and the judgment of this court that the judgment appealed from will stand affirmed.

Affirmed.

### On Rehearing.

Upon the submission here of this case, and after having heard and considered the oral argument of counsel, and after having also read and attentively considered briefs and arguments filed by each of the respective parties, and after having given thoughtful, extended and careful consideration to all of the testimony set out in the record, this court did ascertain and determine, as a matter of fact, that there was a conflict between the testimony offered by the plaintiff, in the court below, and that offered by the defendant, upon the trial of this case, as to whether or not the plaintiff was guilty of contributory negligence as averred in defendant's plea. We held that because of this conflict in the testimony the trial court did not err in refusing to give the general affirmative charge in favor of the defendant.

Upon this application for rehearing we are informed, by counsel for appellant, that the case at bar is in all respects identical with the case of Sloss-Sheffield Steel & Iron Co. v. Peinhardt, 195 So. 428, 429, recently decided by the Supreme Court, in which case it is claimed the judgment was rendered and the opinion was put out by that court prior to the rendition of the judgment by this court and the promulgation of our opinion in the case at bar, of which judgment and opinion of our Supreme Court, it is claimed by appellant, notice was given this court before the announcement of our judgment and opinion in the case at bar.

With respect to the identity of the two records, this court has examined both of them and we find they are not identical. The complaints are not the same; the given and refused charges are not the same; and the assignments of errors are not the same. Apparently the same witnesses were used by each of the parties in each case and apparently the same testimony was elicited from these witnesses in the case at bar as was elicited from them in the Peinhardt case, supra. So, in substance and effect, this court is requested to recede from its finding of a fact in the case at bar because our Supreme Court, from the same testimony, found the fact to be contrary to the finding of that fact by this court, and we are favored with the advice that this court is controlled by and should follow the judgment and opinion of our Supreme Court as to the fact, by setting aside, and holding for naught, our finding of that fact, and this notwithstanding the well-recognized legal principle that negligence, vel non, is a question of law only when all reasonable men must draw the same conclusion from the facts testified to.

In the Peinhardt case, supra, the Supreme Court in its opinion, after pointing out certain testimony of the witness, Willingham, the plaintiff, in the case at bar, declared: "Thus the driver [Willingham] knew the railroad crossings and knew also of the location of a street light on the corner." Later on, in the opinion of our Supreme Court, a portion of the testimony of the witness, Willingham, given in the trial was quoted, in haec verba, from which it is established that said Willingham, among other things, testified as follows: "Those tracks are level with the pavement, you couldn't see the tracks until you got right on it; they are down in the pavement. There is no sign out there indicating a railroad; there is no stop sign there, or other designation; there is no sign warning you there is a railroad track there. I did not frequently travel on 25th Street; *I was not familiar with that street,* I hadn't been over it but a mighty few times. *I did not know those tracks were there at that point before the accident.* * * * *As I approached the place where the accident happened, I did not see any train approaching the crossing.*" (Italics supplied.)

Willingham had good headlights. He could see up 25th Street in the illuminated part of the street made visible by his headlights. He was under the duty of looking out for the presence of pedestrians, vehicles, and obstacles in and upon the highway so as to avoid injuring them after he was aware of their presence. In the exercise of his duty his line of vision was straight ahead, and not off to his right or left of the highway; defendant's unlighted train was approaching the crossing from the left. Willing-

ham swore he did not see that train, nor did he see any light thereon, or hear any warning therefrom. To say that under these circumstances the trial court should have determined that Willingham did see the train and was under the duty to stop, look and listen at a crossing which he did not know existed at that point, and which he did not see, is to distort the doctrine of res ipsa loquitur, and to give to it an unwarranted and unjustifiable interpretation.

 This court thought it necessary, under appellant's first assignment of error, to consider all of the testimony of the witness Willingham, in the case at bar, along with the testimony of the witnesses, Neil Tolliver, A. C. Hall and Robert Watts, all of whom testified as witnesses for the plaintiff, on the one side, and the testimony of Lester Alexander, S. B. Key, and D. H. McKinney, witnesses for the defendant; together with the photographs of the scene of the collision, introduced in evidence by the defendant, on the other side. Upon our consideration of all the testimony this court found the fact to be, and so declared, that there was a sharp conflict between the testimony of the plaintiff and that of the defendant as to whether or not the plaintiff was guilty of contributory negligence in attempting to cross the defendant's railroad track, at the time and place of the collision, without first stopping, looking and listening. This court will be governed by and will unhesitatingly follow the judgment of our Supreme Court upon a question of law; this the statute requires. And, in finding that there was a conflict between the testimony of the plaintiff, and that of the defendant upon the question of contributory negligence, vel non, upon the part of the plaintiff in the case at bar, this court has been guided and governed in its determination and conclusions by applicable decisions of the Supreme Court declaring certain rules, among which are: (1) In determining the propriety of giving the general affirmative charge when requested by the defendant the evidence offered by plaintiff must be accepted as true. Supporting cases are McMillan v. Aiken, 205 Ala. 35, 88 So. 135; McGowin Lumber & Export Co. v. McDonald Lumber Co., 186 Ala. 580, 64 So. 787; (2) In determining whether or not oral testimony is contradicted and nullified by established, or undisputed, physical facts, *it is the jury* which makes the presumption in giving proper effect to the evidence, *the jury which says res ipsa loquitur* (the thing speaks for itself). Among the cases declaring or approving the rule are the following: Chamberlain v. Southern R. Co., 159 Ala. 171, 48 So. 703; Wright v. J. A. Richards & Co., 214 Ala. 678, 108 So. 610; Cooper v. Agee, 222 Ala. 334, 132 So. 173, 175.

 This court having ascertained and declared that there was a conflict between the testimony offered by plaintiff and that offered by the defendant upon the trial below as to whether or not the plaintiff was guilty of contributory negligence in attempting to cross the defendant's railroad track, at the time, place and under the circumstances of the collision, without first stopping, looking and listening for an approaching train, and not being shown or convinced that such finding was incorrect, and it not being shown or suggested that this court has erred in its judgment with respect to any question of law, arising upon the appeal, it is the opinion and judgment of this court that appellant's application for a rehearing should be, and the same is hereby, overruled. See Postal Telegraph and Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Ex parte Hale, 225 Ala. 267, 142 So. 589; Vest v. Night Commander Lighting Co., 224 Ala. 213, 139 So. 297; Byars v. Town of Boaz, et al., 229 Ala. 22, 155 So. 383; Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829; Id., 26 Ala.App. 402, 161 So. 826.

Opinion extended.

Application for rehearing overruled.

PER CURIAM.

Reversed and remanded under provisions of Code, § 7318 (Sloss-Sheffield Steel and Iron Co. v. Willingham, Ala.Sup., 199 So. 28.)