10 So.2d 19

**SLOSS–SHEFFIELD STEEL & IRON CO. v. WILLINGHAM.**

**6 Div. 907.**

Supreme Court of Alabama.

Oct. 8, 1942.

Kingman C. Shelburne and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Clifford Emond, of Birmingham, for appellee.

354

LIVINGSTON, Justice.

The cause of action arose out of a collision between appellant's locomotive engine and two cars, commonly known as "hot-pots", and an automobile truck belonging to Fred W. Peinhardt, which was being driven at the time and place of the collision by appellee, A. O. Willingham, the agent, servant or employee of Peinhardt.

Appellee and Peinhardt filed separate suits against appellant. On motion of appellant, the two suits were consolidated and tried jointly under and by virtue of the provisions of section 221, Title 7, Code of 1940, and resulted in a judgment for Peinhardt for damage to the truck, and judgment for Willingham for personal injuries.

On appeal both judgments were reversed and the cause remanded; the decision being limited to the proposition stated that the trial court erroneously charged the jury that section 9954, Code of 1923, Code 1940,

Tit. 48, § 172, had application within the city of Birmingham where the collision occurred. See Sloss-Sheffield Steel & Iron Co. v. Willingham, 29 Ala.App. 569, 199 So. 15; Id., 240 Ala. 294, 199 So. 28; Sloss-Sheffield Steel & Iron Co. v. Peinhardt, 240 Ala. 207, 199 So. 33.

After the causes were reversed and remanded, and on motion of appellant, they were again consolidated and tried jointly, resulting in the judgment on which this appeal is based, and a judgment for Peinhardt which is now pending in the Court of Appeals.

Assignments of error 1, 2, 3, 44, 45, 46, 47, 48 and 49 present the same question, viz., appellant insists that when the two causes of action were consolidated the parties were entitled to be furnished by the clerk with a list of the forty-eight jurors in attendance upon the court, from which to select a jury of twelve by the parties or their attorneys alternately striking one from the list until only twelve jurors remain.

Section 221, supra, reads as follows: "When causes of like nature or relative to the same question are pending before the circuit court in counties having a population of three hundred thousand or more according to the last or any future federal census, the court. may make such orders and rules concerning proceedings therein as may be conformable to the usages of courts for avoiding unnecessary costs or delay in the administration of justice, and may consolidate said causes when it appears reasonable to do so."

The foregoing section was adopted by the Legislature of Alabama of 1935 (General Acts 1935, page 1010), and is a literal reproduction of section 734, Title 28, United States Code Annotated, which had been construed by the federal courts prior to its adoption by the Legislature of Alabama as section 221, supra.

Appellant insists that section 221, supra, was adopted with the construction of the federal courts of section 734, supra, in connection with section 424, 28 United States Code Annotated, dealing with peremptory challenges of jurors. For a statement of the application of section 734, supra, in connection with section 424, supra, appellant cites Bley v. Travelers Ins. Co., D.C., 27 F.Supp. 351; Betts v. United States, 1 Cir., 132 F. 228; Times Publishing Co. v. Carlisle, 8 Cir., 94 F. 762; Davis

v. Jessup, 6 Cir., 2 F.2d 433; Butler v. Evening Post Publishing Co., 4 Cir., 148 F. 821; Mutual Life Ins. Co. v. Hillmon, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706; Gallaghan v. United States, 8 Cir., 299 F. 172.

■ But the doctrine of presumed adoption is by no means conclusive, being persuasive only. The statute adopted must be read in pari materia with other provisions of the local law, in the instant case section 54, Title 30, Code of 1940. Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311.

Section 54, supra, reads as follows: "In all civil actions triable by jury, either party may demand a struck jury, and must thereupon be furnished by the clerk with a list of twenty-four jurors in attendance upon the court, from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until twelve are stricken off, the party demanding the jury commencing; provided, that in all judicial circuits having not more than two judges, the court shall require to be made two lists of all the jurors in attendance upon the court, who are competent to try the case, and not engaged in the trial of some other case, which list shall in no event contain less than twenty-four jurors, from which a jury must ·be obtained by the parties or their attorneys alternately striking one from the list until only twelve remain on the list, the party demanding the jury commencing; and the jury thus obtained must not be challenged for any cause, except bias or interest as to the particular case."

■ Section 54, supra, is the only method provided by our Code for "struck juries" in civil cases, and this fact, we presume was known by the Legislature when section 221, supra, was adopted. We therefore hold that appellant was not entitled to a list containing forty-eight jurors from which to strike a jury. Any other holding, it seems, would tend to defeat the very purpose of the statute, viz., to save time, unnecessary cost and expense, simplify the work of the trial: in short, the attaining of justice with the least expense and vexation to the parties litigant. In so holding, we are not unmindful that under the facts presented by this record the suits consolidated remain separate as to the parties, pleadings and judgments. See, Ex parte Ashton, 231 Ala. 497, 165 So. 773, 104 A.L.R. 54; 1 Corpus Juris Secundum, Actions, § 107, p. 1341; Bibb, Judge, v. Reid & Hoyt, 3 Ala. 88; Montgomery & Eufaula Ry. Co. v. Thompson, 77 Ala. 448, 54 Am.Rep. 72; Richmond & Danville R. R. Co. v. Greenwood, 99 Ala. 501, 14 So. 495.

The basis of assignment of error numbered 4 is the trial court's action in overruling appellant's demurrer to replication numbered 2 to plea 3. Plea 3 alleges in substance that plaintiff, appellee, was guilty of contributory negligence in his failure to stop, look and listen before attempting to cross appellant's railroad tracks at a regular public crossing. Appellee's replication numbered 2 alleges, in substance, that appellant's tracks were embedded in and on a level with the paving of the street: that he was unfamiliar with the crossing, and did not know of the existence of appellant's tracks: that no stop, look and listen signs or any other sign designating or indicating the existence of said crossing or as a warning of the presence of said track or the approach of said train on said tracks appeared at this point: that said train was being backed over said crossing in the night, in a drizzling rain without lights and without being flagged across said crossing; and that he did not see or hear the approach of appellant's train to said crossing in time to avoid the collision.

■■ While not committing the Court to the proposition that it was necessary to present the foregoing facts by way of special replication instead of under a general denial of the plea of contributory negligence, we hold that such facts, if true— a jury question—did relieve the appellee from the duty to stop, look and listen, and no reversible error intervened in the ruling of the trial court. Louisville & Nashville R. Co. v. Williams, 172 Ala. 560, 55 So. 218; Louisville & Nashville R. Co. v. Cunningham Hdw. Co., 213 Ala. 252, 104 So. 433; Sloss-Sheffield Steel & Iron Co. v. Willingham, supra.

The trial court refused the following written charge to appellant: "I charge you that if you are reasonably satisfied from the evidence that plaintiff suffered his alleged damages as a proximate consequence of an unavoidable accident, then and in that event you need consider the case no further and your verdict should be in favor of the defendant."

■ This Court has held that charges that undertake to instruct the jury that, if

the injury was by reason of an unavoidable accident, there could be no recovery, are confusing, misleading and properly refused. Grauer v. Alabama Great Southern R. Co., 209 Ala. 568, 96 So. 915; Kelly v. Hanwick, 228 Ala. 336, 153 So. 269.

The trial court refused the following written charge to appellant: "Under the law, it is the duty of a person intending to cross a railroad track to stop, look and listen for approaching trains, and this use of the senses must be made within such nearness to the track and under such circumstances as will afford the traveler the knowledge whether or not he may cross the track with reasonable safety from collision with an approaching train, and I charge you that this duty is a continuing one to the extent of excluding the injection of an element of danger in his attempt to cross, between the time he last stopped, looked and listened, if he did so, and the time he entered the zone of danger made by trains entering the crossing."

■■ This charge is confusing and misleading because it pretermits knowledge on the part of appellee that he was about to cross appellant's tracks, which was one of the issues tried. Moreover, the proposition sought to be explained was thoroughly and fairly covered by the court's oral charge. There was no error in refusing the charge.

Assignment of error numbered 42 is based upon an exception to the following part of the court's oral charge to the jury: "As to whether or not what the plaintiff claims in his replication is true, is a question of fact for you gentlemen to decide, but I charge you if you find under the evidence in this case that this plaintiff did not know that there was a track across Twenty-fifth Street at this point and that he, in the exercise of reasonable care and diligence, could not have ascertained that such track was there, and that a reasonably prudent person possessed of his knowledge at the time would not and could not have known and ascertained that a track was across Twenty-fifth Street, at Twenty-fifth Street and Twenty-fourth Alley, at this point, and further, that he did not see this train approaching that crossing, and that in the exercise of reasonable care and diligence, that is, in using the care and diligence that a reasonably prudent person would use, that is, in looking and listening and in other respects, that he could not have ascertained the approach of that train

in time to avoid a collision, then I charge you, gentlemen of the jury, that it would not be the duty of the plaintiff to stop, look and listen for that train."

The criticism is that the trial court failed to state to the jury that "such care as a reasonably prudent person would use must be such care as a reasonably prudent person would use under like or similar circumstances."

■ The sentence in the court's oral charge immediately preceding that quoted above is as follows: "The plaintiff in this case claims that he is excused under the law, or that that law doesn't apply to him under the conditions which he claims existed at this time." In the part of the charge excepted to, the court said: "And that he, in the exercise of reasonable care and diligence, could not have ascertained that such track was there, and that a reasonably prudent person possessed of his knowledge at the time would not, and could not have known and ascertained that a track was across Twenty-fifth Street * * * and further, that he did not see this train approaching that crossing and that in the exercise of reasonable care and diligence, that is, in using the care and diligence that a reasonably prudent person would use." In our opinion the foregoing is a fair and correct charge as to the proposition involved, and appellant's criticism is too technical and hypercritical.

Assignments of error 5 and 8 are predicated upon the refusal of the affirmative charge to appellant. In passing upon the same question on former appeal, the majority of this Court approved the opinion of Presiding Judge Bricken of the Court of Appeals. We have again examined the evidence, and find it is substantially the same as that presented on the former trial and set forth in the opinion of the Court of Appeals. It would serve no good purpose to repeat it here. Suffice it to say, a jury question was presented. See, Sloss-Sheffield Steel & Iron Co. v. Willingham, supra.

■ Assignment of error numbered 50 is based on the trial court's action in overruling appellant's motion for a new trial. Appellant insists that the verdict of the jury in the sum of $3,000.00 is excessive, and reflects the influence of improper argument by appellee's counsel. We quote the statement of counsel complained of, the objection thereto and the court's ruling:

"Now I want to get down to the question of his damages. These answers to interrogatories that we have introduced here show that this is a New Jersey corporation, incorporated under the laws of the State of New Jersey. That means that in the state courts we are limited to claim three thousand dollars.

"Mr. Shelburne: If the court please, we object to that argument.

"The court: Sustain the objection. I don't think the jury is concerned with that. You have sued for $3,000.

"Mr. Emond: We have sued for three thousand dollars."

In the case of Louisville & Nashville R. Co. v. King, 198 Ala. 168, 73 So. 456, 457, in disposing of a statement of like import, this Court said: "The court overruled defendant's motion to exclude this statement from the jury, made on the ground that the same was improper argument. The defendant duly excepted. Then plaintiff's counsel said he would withdraw the argument, whereupon the court said to the jury: 'The argument is withdrawn.' This argument, if it may be so called, went to the jury with the court's approval. It was improper. Its illegitimate implications and tendencies were, or now are, not obscure. The wrong of the argument, having been done, could only be cured by the intervention of the court. Birmingham Railway [Light & Power Co.] v. Drennen, 175 Ala. 338, 57 So. 876, Ann.Cas.1914C, 1037. However, had there been no other error, and had the result been fair and reasonable, we do not say that we would reverse for this matter alone."

According to plaintiff's evidence he suffered much pain, and sustained injury of such a permanent nature as to render him unable to pursue the work in which he had been engaged, making it necessary for him to change his occupation to a line of work less strenuous.

Under the proof, therefore, we are not prepared to put the trial court in error for overruling the motion for a new trial, because the verdict was excessive and the result of some improper consideration.

The judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.